ANNIE TRIEGER, Plaintiff, *v.* THE COMMERCIAL TRAVELERS MUTUAL ACCIDENT ASSOCIATION OF AMERICA, Defendant.

Supreme Court, Kings Special Term, December, 1923.

Insurance (accident) — death benefit — assured died in March and beneficiary gave notice of death during following July — policy required notice of death within twenty days after death with certain exceptions — notice of death given twenty days after beneficiary learned of existence of policy — when words in policy will be taken in their common acceptation — motion to set aside verdict for beneficiary denied.

No legal duty rests upon the assured named in a certificate of accident insurance to notify the beneficiary of the existence of the policy and the beneficiary is not chargeable with the failure of the assured to do so.

A certificate of accident insurance provided that a failure to give a notice in writing of the death of the assured within twenty days after such death should have occurred with full particulars of the accident and its results, should invalidate all claims under the contract which might be made on account of such death " unless the notices herein specified shall be shown not to have been reasonably possible." In an action to recover the death benefit it appeared that the assured died in March and that the beneficiary in ignorance of the existence of the certificate did not give notice of the death until the following

July and within twenty days of the disclosure to her of the existence of the policy. *Held*, that the words " unless the notices herein specified," etc., should be taken in their common acceptation and not in a strained sense, and that plaintiff's ignorance of the policy showed that it was not " reasonably possible " for her to give notice.

Under a charge that if the plaintiff knew or by reasonable diligence could have discovered the fact that there was a policy in the defendant company she could not be excused for failure to give notice of the death of the assured, the jury might well have found that plaintiff being in utter ignorance of the existence of the policy, there was really no diligence that she could exercise to discover it.

Motion to set aside a verdict in favor of the plaintiff and for a new trial denied.

MOTION to set aside verdict.

*Samuel Kahan* (*Fred M. Wolf*, of counsel), for plaintiff.

*Stern, Barr & Tyler* (*Charles J. Nehrbas*, of counsel), for defendant.

LAZANSKY, J.   Motion to set aside a verdict for plaintiff and for a new trial in an action on a certificate of accident insurance to recover the benefits thereof by reason of the death of the assured. The certificate provides for a notice in writing of every death for which claim may be made to be given within twenty days after which such death occurs with full particulars of the accident and its results.   The certificate further provides: " Failure to give such written notice within said twenty days shall invalidate all claims under this contract which may be made on account of  *  *  * such death unless the notices herein specified shall be shown not to have been *reasonably possible.*"   The death of the assured occurred in March, 1921.   In ignorance of the existence of the certificate, as the jury found, plaintiff, the beneficiary, did not give notice of the death until July, 1921, within twenty days of the existence of the policy as disclosed to her.   The important question here is whether the notice was timely or not.   It has been held that where notice of an accident was required by a policy of insurance to be given within a certain time and such notice was not given within the time required, the failure to give timely notice was not excused because of the incapacity so to do of the person required to give the notice.   *Whiteside* v. *North American Accident Ins. Co.*, 200 N. Y. 320.   It has also been decided that an insurer was not liable on an accident insurance policy for the death of the insured where the policy required notice to be given within ten days from the date of death and the death was not discovered until four years after it occurred, after which notice was given within ten days. *Hanna* v. *Commercial Travelers Mut. Accident Assn.*, 204 App. Div. 258.   In that case two of the justices of the Appellate Division in the first department dissented.   It is interesting to note, although not necessarily of importance, as we have been admonished, that

in the *Hanna* case the Court of Appeals (236 N. Y. 571) affirmed the judgment below, not upon the facts stated, which was the subject of the discussion in the Appellate Division, but upon the ground that plaintiff's action was barred by a provision of the policy which required an action to be commenced within one year from the date of the accident. But in neither of the two cases cited was there the clause " unless the notices herein specified shall be shown not to have been reasonably possible " which is a part of the certificate in the case at bar. These words should be taken in their common acceptation and not in a strained sense. It is not disputed that if the plaintiff had not been aware of the death of the assured until July, under the terms of this policy, the notice would have been timely. If a beneficiary is ignorant of the existence of the policy it is not possible to give notice. Possibility to do an act of that kind depends necessarily upon a knowledge of the existence of facts which require action. If there be any doubt as to the meaning of this clause it should be resolved in favor of the beneficiary. The insurance company prepares the contract. It induces the acceptance thereof by urging the benefits to be derived. It may make such terms within statutory limitations as it pleases. It should not be permitted to assert a defense out of language, the meaning of which would have to be forced to sustain its contention, when it was within its power to make its present position clear and unequivocal. Defendant seeks to forfeit the policy. Therefore, this provision will be strongly construed against it. In my opinion, ignorance on the part of the plaintiff of the existence of. the policy shows that it was not reasonably possible for her to give notice. The court refused to charge as requested by defendant, that the son of plaintiff could have given notice. As a matter of law a proper and timely notice given by the son would have been binding upon the defendant. Whether this would be so because of the terms of the policy, or by way of a ratification, is not necessary to consider. The son did write to the insurance company but the information was not sufficient within the terms of the policy. So, in effect, no notice was given. His failure to give notice would not be binding on plaintiff. He was not her agent *ex necessitate*. What he did did not bind her because she was in ignorance of the existence of the policy and of his action. Under the circumstances, it is, therefore, immaterial that the son could have given notice. The court charged: " That if the plaintiff knew or by reasonable diligence could have discovered the fact that there was a policy in the defendant company she cannot be excused for failure to give notice." Surely burdening the plaintiff with the duty of exercising reasonable

Surrogate's Court, New York County, December, 1923.          [Vol. 122

diligence to discover the policy in light of her alleged ignorance thereof was not harmful to defendant's cause. The jury may well have found under this charge that being in entire ignorance of the existence of the policy there was really no diligence that she could exercise to discover it; there being nothing she could do because of her ignorance, she did not fail to exercise reasonable diligence. She was not bound as a matter of law to search for a policy. It is not unusual for an assured to omit to tell the beneficiary of the existence of a policy. It is not an unlikely thing nor an improbable situation. It was not the legal duty of the assured to notify the beneficiary of the existence of the policy. His failure so to do was not chargeable against plaintiff. Such a possibility was fairly within the contemplation of the parties as indicated by the clause to which reference has been made.

Motion to set aside the verdict and for a new trial denied.

Ordered accordingly.