JOSEPH H. JAMMAL, Respondent, *v.* THE GIRARD FIRE AND MARINE INSURANCE COMPANY, Appellant, Impleaded with GEORGE E. MCALLISTER, Respondent.

Fourth Department, July 1, 1924.

Insurance — fire insurance — action by insured on policy — standard policy covering buildings and contents containing clause that if insured's interest was not sole and unconditional policy would be void, unless otherwise specified — plaintiff purchased property and took deed in his own name and name of another who agreed to pay mortgage — after dispute between plaintiff and other person and after latter had agreed to give plaintiff deed, policy in question was taken out in plaintiff's name — plaintiff did not have sole and unconditional title and court should have so held as matter of law — mere fact of possession by plaintiff and agreement by other person to give him deed did not give plaintiff title — policy is severable — if plaintiff can show ownership of personal property he may recover insurance thereon.

The policy of insurance covering buildings and contents on which this action is brought to recover loss by fire, is void as to the buildings and the court should have so held as a matter of law, since it appears that the policy is a standard insurance policy and contains a clause to the effect that unless otherwise provided by an agreement in writing, the entire policy shall be void if the interest of the insured be other than unconditional and sole ownership; that

10

the plaintiff purchased the farm on which the buildings were located and took a deed in his own name and the name of another person who agreed to pay the amount of the mortgage; that thereafter a dispute arose between the plaintiff and the other person and the latter agreed to convey his interest to the plaintiff but failed to do so although the plaintiff took possession of the farm; and that after this arrangement the plaintiff took out the policy in question in his own name without disclosing the interest of the other person.

The mere fact that the plaintiff had an agreement with his cotenant that the latter would convey his interest, and that the plaintiff was in possession of the farm, did not give him sole and unconditional title thereto, for such an interest could not be acquired in this manner within the meaning of the clause in the insurance policy.

While the policy is void so far as it covered the buildings, it is severable and is valid as to the personal property if the plaintiff can show that he was the sole and unconditional owner thereof at the time the policy was taken out, and if he can prove that fact he will be entitled to recover the loss of such property unless barred by some other defense.

APPEAL by the defendant, The Girard Fire and Marine Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff and the defendant George E. McAllister, entered in the office of the clerk of the county of Jefferson on the 6th day of November, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of November, 1922, denying the motion of the defendant The Girard Fire and Marine Insurance Company for a new trial made upon the minutes.

*Pitcher & O'Brien* [*F. B. Pitcher* of counsel], for the appellant.

*Burns, Crabb & Maloney* [*Clerence L. Crabb* of counsel], for the respondent Jammal.

*William H. Gilman,* for the respondent McAllister.

CLARK, J.:

The plaintiff and George Arraf entered into an oral agreement which provided that the plaintiff should purchase the farm in question in his name and in the name of Charles Arraf, a brother of George. On July 1, 1919, the farm and personal property thereon was purchased for the sum of $5,000. The plaintiff paid $2,700 on the purchase price and the plaintiff and Charles Arraf, the grantees in the deed, assumed and agreed to pay a mortgage on said real property of $2,300. It was agreed between the plaintiff and his cograntee, Charles Arraf, that Arraf should live upon the farm, run it, and out of his share of the profits pay the mortgage and interest. The deed was duly recorded. The property was insured under an insurance policy issued to the plaintiff and Charles Arraf, the grantees named in the deed. Arraf went upon the

farm and to some extent carried out the oral agreement. There can be no question but what, under the conceded facts, Arraf had some interest in the property. He was named as a grantee in the deed, under which he assumed and agreed to pay the mortgage of $2,300. The property was insured in his name and that of the plaintiff. Under such circumstances the plaintiff was not the sole owner of the property. (*Noyes* v. *Hartford Fire Ins. Co.,* 54 N. Y. 668; *Lasher* v. *St. Joseph Fire & Marine Ins. Co.,* 86 id. 423; Richards Ins. [3d ed.] 152.)

The grantees named in the deed were tenants in common. (Real Prop. Law, § 66.)

The plaintiff and Arraf did not agree. The plaintiff found fault with Arraf for not spending all of his time upon the farm and for not carrying out his agreement. The farm did not pay and there was constant friction between the owners. In the summer of 1920 the plaintiff requested Arraf to go on the farm and stay there and run it. Arraf refused to do so and the plaintiff told him he was through with him and asked Arraf to give him a deed. The plaintiff testified that Arraf agreed, from time to time, to sign a deed but did not do so, and Arraf was not released from his covenant to pay the mortgage.

In October, 1920, the plaintiff took out the insurance policy in question in his own name. The policy is a New York standard policy and contains the following clause: " This entire policy shall be void, unless otherwise provided by agreement in writing added hereto; (a) if the interest of the insured be other than unconditional and sole ownership; or (b) if the subject of insurance be a building on ground not owned by the insured in fee simple."

Thereafter part of the buildings and personal property were destroyed by fire. The defendant insurance company refused to pay and this action was commenced against the insurance company and the mortgagee, McAllister. It is conceded that the mortgagee is entitled to recover.

The insurance company defended upon several grounds, one of which is under the clause of the policy herein quoted. Concededly, if the plaintiff and Arraf were tenants in common of the property at the time the policy was issued it was void and there can be no recovery by the plaintiff for the loss of the property owned in common with Arraf at the time the policy was issued. (*McGrath* v. *Home Ins. Co.,* 88 App. Div. 153; 2 Clement Fire Ins. 152; 2 Cooley Ins. 1369–1374; *Southern Cotton Oil Co.* v. *Prudential Fire Assn.,* 78 Hun, 373.)

An ownership to be sole cannot be an ownership held as tenant in common with another. An ownership is sole when no other

person has an interest in the same property as part owner. (2 Clement Fire Ins. 152.)

Upon the trial the appellant raised the question now urged here by appropriate objections and exceptions. The learned trial justice submitted to the jury to be determined as a question of fact the question of whether the plaintiff was the sole and unconditional owner of the buildings insured. It should have been decided in appellant's favor as a question of law.

If, when the policy was issued on October 13, 1920, the plaintiff was not the sole and unconditional owner, the policy was void. Whatever occurred after that between the plaintiff and Arraf could not affect the liability of the defendant insurance company. (2 Clement Fire Ins. 152.)

It is urged by the plaintiff that Arraf never paid anything on the property; that he did not pay off the mortgage as agreed; that he breached his agreement to stay on the farm and run it; that he abandoned the farm before the policy was issued; that he agreed to give the plaintiff a quitclaim deed, and that the plaintiff was in possession at the time the policy was issued.

The plaintiff contends that those facts justified the jury in finding that he was the sole and unconditional owner of the property at the time the policy was issued. Arraf had a vested interest in the property conveyed by the deed and such interest could not be acquired by the plaintiff in the manner described so as to make him the sole owner within the meaning of the clause quoted from the insurance policy. (Real Prop. Law, §§ 242–244.)

The policy was void in so far as it covered the buildings. It was severable, however, and although void as to the real estate, it might be valid as to personal property covered under separate items, provided the plaintiff was the "sole and unconditional" owner of such personal property. (*Merrill* v. *Agricultural Ins. Co.*, 73 N. Y. 452; *Schuster* v. *Dutchess County Ins. Co.*, 102 id. 260; *Donley* v. *Glens Falls Ins. Co.*, 184 id. 107.)

It appears that the plaintiff purchased and placed upon the farm certain personal property. Whether or not such property became the property of the tenants in common or remained the sole property of the plaintiff is a question of fact. If at the time the policy was issued the plaintiff was the sole owner of any personal property covered by the policy and destroyed by the fire, he may recover for the loss of such property unless barred by some other defense. The same would be true of such personal property acquired after the policy was issued. (1 Cooley Ins. 757.)

The plaintiff cannot recover for the loss of the buildings, as he was not the sole and unconditional owner. Whether he can

recover for the loss of any personal property will have to be determined upon a new trial. The view which we have taken makes it unnecessary to discuss the various other questions raised.

The judgment in favor of the mortgagee should be affirmed, with costs and disbursements of the trial and in this court. The judgment and order in favor of the plaintiff should be reversed upon the law and facts and a new trial granted, with costs to the appellant insurance company against the plaintiff to abide the event.

All concur; HUBBS, P. J., not sitting.

Judgment and order affirmed, with costs as to George E. McAllister, mortgagee. Judgment and order in favor of plaintiff reversed on the law and facts and a new trial granted as to the appellant insurance company, with costs to said appellant to abide event.