CITIZENS CASUALTY COMPANY OF NEW YORK, Appellant, *v.* CHATFORD J. CLARK and Others, Respondents.

Fourth Department, May 28, 1935.

*Thomas G. Rickert*, for the appellant.

*J. William O'Brien*, for the respondents McCormick.

*Augustus Thibaudeau*, for the respondent Clark.

TAYLOR, J.   In February, 1933, plaintiff had issued to defendant Clark an automobile liability policy of insurance.   On September 7, 1933, Clark's automobile became involved in a collision in which defendants McCormick suffered personal injuries and damage.   On March 20, 1934, defendants McCormick brought an action against Clark and caused summonses and complaints to be served upon him. On the same day these papers came into the possession of an attorney, Augustus Thibaudeau, although they were not personally delivered to him by defendant Clark.   On April 10, 1934, Thibaudeau served a notice of appearance for Clark in the McCormick actions. On July twenty-fourth following, pursuant to a court order, Attorney Thibaudeau withdrew his appearance and on the same day defendant Clark sent the summonses and complaints to the plaintiff.   This action in which defendants have recovered judgment dismissing the complaint on the merits is brought to have the insurance policy declared void and unenforcible because of a breach by the insured of a claimed condition subsequent in the policy.   In the contract of insurance the company has agreed to defend claims against the insured and to make certain payments in case the insured incurs liability.   But as the policy reads, these covenants by the insurer are made " subject to the following conditions," one of which is that " If any suit is brought to enforce such a claim, the Assured shall immediately forward to the Company at its home office in Utica, N. Y., every summons or other process and each other paper as soon as the same is served on him, and the Company shall defend such suit (whether groundless or not) in the name and on behalf of the Assured."

Defendants have succeeded in the trial court on the theory that the delay of defendant Clark in transmitting the summonses and complaints to his insurer had been reasonably explained and excused. This theory is not tenable.   For the quoted portions of the contract do not result in a mere covenant on the part of the insured. They create a condition subsequent controlling according to its terms.   The insured having engaged " absolutely to do an act not impossible or unlawful at the time, neither inevitable accident nor other unforeseen contingency not within his control will excuse him, for the reason that he might have provided against them by his contract (*Whiteside* v. *North American Accident Ins. Co.*, 200 N. Y. 320)."   (*Hanna* v. *Commercial Travelers Mutual Accident Assn.* 204 App. Div. 258; affd., 236 N. Y. 571.)   (See, also, *Jammal*

v. *Girard Fire & Marine Ins. Co.*, 210 App. Div. 145.) Preceding the quoted provision of the policy is a clause requiring the assured to give immediate written notice of an accident to the company at its home office, to which is added the qualification that failure to give any such notice within the time specified shall not invalidate any claim made by the assured if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible. The significant fact that no such qualifying statement is added to the requirement that a summons and complaint served on the insured must be immediately forwarded to the insurer adds support to the conclusion that this provision is an absolutely binding condition subsequent. Even if it be assumed that strict observance of this provision is not essential, the record shows that defendant Clark has not presented reasonable excuse for a delay of over four months in delivering the summons and complaint to his insurer. The cases relied on in the memorandum of the trial court (*Parmelee Co.* v. *Ætna Life Ins. Co.*, 166 Fed. 741; *Press Publishing Co.* v. *General A., F. & L. Assur. Corp., Ltd.*, 160 App. Div. 537) are so factually distinguishable from the instant case that they are not authoritative. In *Greenwich Bank* v. *Hartford Fire Ins. Co.* (250 N. Y. 116, 130), and other cases relied on by respondents, the policy provisions under dissension were not " conditions." Waiver by the insurer has been neither pleaded nor proved.

The judgment should be reversed on the law and facts, with costs, and judgment entered for the plaintiff for the relief demanded in the complaint, with costs. Certain findings of fact and conclusions of law are disapproved and reversed and new findings and conclusions made.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and LEWIS, JJ.

Judgment reversed on the law and facts, with costs, and judgment directed in favor of the plaintiff for the relief demanded in the complaint, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions of law made.