John N. Nigro, as Executor of Irene Nigro, Deceased, Appellant, v. Commercial Travelers Mutual Accident Association of America, Respondent.

Second Department, December 4, 1944.

*Sidney S. Levine* and *M. Jay Meckler* for appellant.

*Charles J. Nehrbas* for respondent.

*Per Curiam.* This action was brought by the executor of a beneficiary designated in a certificate of accident insurance. The person insured by the certificate met with an accident on June 26, 1937, and died as a result on July 4, 1937. His beneficiary died on November 9, 1939, allegedly ignorant of the existence of the certificate. Not until March, 1941, did any alleged representative of the beneficiary attempt to file proofs of loss. Plaintiff was appointed executor of the deceased beneficiary on October 27, 1943, and this action was commenced on November 8, 1943.

The certificate required notices of the accident and death resulting therefrom to be given within twenty days after the dates of the accident and death, respectively, " unless claimant shall affirmatively show that it was not reasonably possible for any person to give said required notice or notices within the time or times specified respectively, and that notice was given as soon as reasonably possible." The certificate required affirmative proofs of loss to be furnished within ninety days after the loss. It further required any action upon the certificate to be commenced within twelve months from the date of the accident causing death. Under the terms of the certificate, therefore, any action thereon was barred long prior to the beneficiary's death in 1939. (*Hanna* v. *Commercial Travelers Mut. Accident Assn. of America*, 236 N. Y. 571; *Sachs* v. *Commercial Travelers Mut. Accident Assn. of America*, 251 App. Div. 750, 254 App. Div. 698; *Savery* v. *Commercial Travelers Mut. Acc. Assn.*, 238 App. Div. 189.) *Donelon* v. *United States Casualty Co.* (264 N. Y. 527), cited by appellant, did not involve a question of limitations, but held that a failure to give notice of death within the time specified in a policy was specifically excused by a provision thereof where it was not " reasonably

possible to give such notice ". *McCarthy* v. *Prudential Ins. Co.* (252 N. Y. 459) held that where no one could sue on a policy until the appointment of an administratrix, the Statute of Limitations did not begin to run until then; but that case has no application here since the plaintiff's testatrix could have brought an action on the policy during her lifetime and the time for her to do so expired before her death.

An order denying defendant's prior motion for summary judgment was affirmed (267 App. Div. 915) only because the record on that appeal did not dissipate the possibility that the defendant was subject to the provisions of former section 107 of the Insurance Law permitting an action to be commenced on a policy " within two years from the expiration of the time within which proof of loss is required by the policy ". We indicated, however, that reversal would have been required if proof had been submitted that the defendant was doing business on an assessment basis, and was, therefore, not subject to the provisions of former section .107. That proof has now been supplied. The reincorporation of the defendant in 1928 did not, so far as the record shows, alter its status as an association doing business on the assessment plan. Moreover, the record discloses that proofs of loss were not furnished within ninety days from the date of the loss, as required both by the terms of the certificate and former section 107. (*MacKay* v. *Metropolitan Life Ins. Co.*, 281 N. Y. 42.)

The order granting defendant's motion for summary judgment on the ground that the action on the policy was barred by lapse of time, and the judgment entered thereon, should be affirmed, with ten dollars costs and disbursements.

HAGARTY, Acting P. J., CARSWELL, JOHNSTON, ADEL and LEWIS, JJ., concur.

Order granting defendant's motion for summary judgment, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements.