TROY L. TENNANT, Respondent, *v.* FARM BUREAU MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

Fourth Department, June 9, 1955.

*James E. Kehoe, Jr.,* for appellant.

*Harry B. Hunter* for respondent.

McCurn, P. J. The defendant insurance company issued its automobile liability policy to one Reuben L. Perkins a resident of Pennsylvania, who, while operating his automobile on a public highway in the State of New York came into collision with another automobile owned by the plaintiff herein resulting in property damage to the plaintiff's automobile. The plaintiff commenced an action against Perkins, the defendant's insured, secured a judgment by default, and after execution on the default judgment was returned unsatisfied, commenced this action against the defendant insurance company to recover the amount of his judgment. The defendant now appeals from the judgment entered upon the verdict of a jury in favor of the plaintiff.

The insured Perkins reported the accident to the agent for the defendant insurance company on the same day that it occurred. He did not, however, deliver the summons and complaint served upon him to the defendant insurance company nor did he give notice to the defendant or any representative thereof that an action had been brought against him. The defendant first learned of the commencement of the action when its agent received a letter from plaintiff's attorney more than five months after the commencement of the action and some three months after judgment by default had been entered against the insured and execution thereon returned unsatisfied.

The policy contained the following conditions:

" 2. Notice of claim or suit (Coverages E and F) If claim is made or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

" 6. Action against company (Coverages E and F) No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy, nor until the amount of the Insured's obligation to pay shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant and the Company."

On the trial the plaintiff sought to excuse noncompliance with the conditions of the policy on the theory that the insured himself received no notice of the suit; had no information that an action had been commenced against him and therefore was not required to report something of which he had no knowledge. The plaintiff accordingly contends the defendant insurance company became liable to pay the judgment in question notwithstanding the failure of compliance with the condition of the policy requiring notice of the commencement of the action.

The insured is a resident of the State of Pennsylvania and service of the summons and complaint was made by serving the New York Secretary of State and sending a notice of such service and copy of the summons and complaint to the insured by registered mail with return receipt requested in accordance with section 52 of the Vehicle and Traffic Law. The return receipt attached to the judgment roll in evidence bears space for "Signature or name of addressee" in which space appears Reuben Perkins the name of the insured. Just below it is a space "Signature of addressee's agent — Agent should enter addressee's name on line One above." In that space appears the name of Ella Perkins who is the wife of the insured. On the return receipt there also appears "Date of delivery Jan. 9, 1952."

The insured testified on the trial of this action that during a period including the date of the delivery of the registered mail above mentioned, he was employed at the Ford plant in Buffalo, New York but returned to his home at Oswayo, Pennsylvania at least every other week; his wife remained at home; that was his mailing address; his wife ordinarily saved his mail and handed it to him when he came home. He testified that he did not recall whether his wife showed him the summons and complaint that was received in the mail; that he would not say positively that she never did show it to him. He also testified positively that he never saw it. On cross-examination he was confronted with a written statement signed by him in which he acknowledged the receipt of the summons and complaint and that he failed to turn it over to the insurance company or to notify the company of its receipt. The trial court left it to the jury to determine whether or not the insured received notice of the commencement of the action and had knowledge thereof, charging that if he knew he was being sued his failure to notify the company would preclude the plaintiff from recovering, but that if he did not know he was being sued such failure to notify the company of the suit became immaterial and plaintiff in that event was entitled to recover the amount of the judgment. We

think it was error to so instruct the jury but in any event the jury's finding implicit in its verdict that the insured had no notice or knowledge of the suit is, as we view it, not sustained by the evidence.

Plaintiff's default judgment against the insured upon which he now seeks recovery against the defendant insurance company is based upon jurisdiction of a nonresident acquired by service of the summons and complaint in the manner provided by section 52 of the Vehicle and Traffic Law. Such jurisdiction rests upon the assumption that in the absence of any contrary assertion by the defendant he has received notice of the action and opportunity to defend (*Shushereba* v. *Ames,* 255 N. Y. 490). The plaintiff now in effect contends that the assumption upon which the court exercised jurisdiction was erroneous—that in reality the insured never received actual notice of the commencement of the action and had no opportunity to defend, or to notify his insurance carrier of the commencement of the action. Seemingly he now casts doubt upon the validity of the judgment upon which he seeks to recover (*Shushereba* v. *Ames, supra,* p. 495).

The parties tried this action and it was submitted to the jury as an action within the provisions of section 167 of the Insurance Law of this State. Under that statute and under the terms of the policy the plaintiff stands in the shoes of the insured. He may recover only if the insured has complied with the conditions of the policy (*Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y. 271; *Weatherwax* v. *Royal Ind. Co.,* 250 N. Y. 281; *Seltzer* v. *Indemnity Ins. Co.,* 252 N. Y. 330). There is no claim here that the defendant insurance company waived compliance with the conditions of its policy nor any evidence upon which a waiver or estoppel might be predicated.

Notice of the commencement of an action is a condition upon which the insurer's obligation to defend its insured and indemnify him in the end is strictly dependent. Noncompliance here has changed the position of the parties and results in prejudice to the defendant insurance company. It has deprived the defendant of the vital and essential right to answer or otherwise move as to the complaint served upon its insured; to elect whether to defend or to attempt to negotiate a settlement; or in the event of a trial to conduct the defense and litigate issues relating to liability and damage. Clearly the parties never contracted that the defendant would pay a default judgment which the insured permitted to be taken against him without **any notice to, or** knowledge of the insurer of the commencement of the action. No mistake, inadvertence or unforeseen contin-

gency on the part of the insured will suffice to excuse noncompliance with the condition of the policy requiring the insured to give notice of the commencement of the action. That condition is entirely unlike a mere covenant where noncompliance has resulted in no prejudice or change of position. It is a condition precedent to liability on the part of the insurer (*Citizens Cas. Co. of N. Y.* v. *Clark*, 245 App. Div. 38; see, also, *Century Ind. Co.* v. *Hartford Acc. & Ind. Co.*, 130 N. Y. S. 2d 844).

The judgment appealed from should be reversed and the complaint dismissed.

WHEELER, J. (dissenting). I concur as to the reversal of the judgment, but cannot agree that the complaint should be dismissed.

The majority take the position that the failure of the insured to "immediately forward to the Company every demand, notice, summons or other process *received* by him or his *representative* " [emphasis supplied] relieved the appellant of liability under its policy, regardless of whether the insured actually received the summons and complaint or had knowledge thereof. This was not the theory upon which the case was tried. Neither at the trial nor on this appeal has appellant claimed that there was a duty upon its insured under the policy to forward to it a notice of suit which had never been received by the insured, or concerning which he had no knowledge. Consistently, upon this appeal the defendant only asks for a new trial.

In view of the conceded fact that the summons and complaint were not forwarded to the company, the trial was but an idle gesture, if the majority view is correct. Upon that premise the complaint should have been dismissed as a matter of law. The defendant chose to predicate its defense upon the theory (1) that insured's wife, who signed the return receipt for the registered parcel, was the " representative " of the insured, or (2) that the insured had knowledge of such service. In essence, the position of the defendant is that the policy condition does not come into effect until the assured receives some claim or other process or has knowledge that a suit has been instituted against him.

The law of this case was settled upon the trial, leaving only the simple question of fact raised and litigated. The charge of the court particularizing the single issue, whether correct or not, was not the subject of an exception along the line suggested by the majority opinion. An appellate court should confine itself to the theory upon which the case was tried and submitted

to the jury. (*Sherman* v. *Mason & Hanger Co.*, 162 App. Div. 327.) "The authorities are numerous and uniform to the effect that a case should be disposed of on appeal upon the same theory upon which it was tried and decided." (6 Carmody on New York Practice [2d ed.], § 336, p. 255; see, also, 9 Carmody-Wait Cyclopedia of New York Practice, §§ 325, 328, and cases cited therein.)

The policy provided that the company would pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because of injury to or destruction of property, on condition that the insured shall have fully complied with the terms of the policy; the contract further provides that any person who has secured such judgment against the insured shall thereafter be entitled to recover under the policy. Although neither the insured nor the appellant appeared in the plaintiff's original action, it is conceded that the plaintiff-respondent has a valid judgment against the insured. In pursuing this action, founded and tried upon the provisions of the policy issued in Pennsylvania, the plaintiff stands in the shoes of the insured. Any error in the charge in regard to the effect of section 167 of the Insurance Law of this State was substantially corrected without prejudice to the defendant.

I have no quarrel with the cases, cited in the majority opinion (*Citizens Cas. Co. of N. Y.* v. *Clark*, 245 App. Div. 38; *Century Ind. Co.* v. *Hartford Acc. & Ind. Co.*, 130 N. Y. S. 2d 844), which have held that the insured who has received or had notice of summons or other process has little or no excuse for noncompliance with the policy condition regarding notice to his insurer. In each of those cases the fundamental fact conceded or proven is the receipt by or knowledge of the insured of the process served upon him, the very question of fact upon which this case should turn. If we should reach the conclusion in the instant case that the insured actually received the process by which the prior suit was instituted, there is no question but that we should find the appellant free from liability. However, although service by mail may be sufficient to obtain jurisdiction of a defendant for the purpose of an action under the limited circumstances prescribed by the statute (Vehicle and Traffic Law, § 52) providing for such service, it is my opinion that service of process by that method does not necessarily indicate that the insured "received" the process in the sense that word is used in the policy condition.

I do not believe it was the intention of the majority of this court to base their decision upon a finding that the insured

*received* the summons and complaint. If such were the case, I would not concur for the reason that that narrow issue of fact is a jury question. Nor can I concur with what appears to be the ultimate import of the majority decision to the effect that the mere failure of the insurer to receive notice of the action relieves the company of liability. Its policy contains no such provision. It occurs to me that it is asking too much of an insured to forward to his insurer information or legal process which he does not know exists. The difficulty here, as I see it, is in the fact that any form of substituted service and knowledge or receipt of the process are not synonymous. If either the insured or the insurer is to bear the loss, the burden should rest on the party who drafted the contract, which could be simply and easily written to protect the insurer in such cases.

The trial court, in my judgment, has properly held that the insured's wife, in receiving and receipting for the registered parcel containing the summons and complaint, was not his "representative" within the meaning of the policy condition. This left the sole issue in this case — did the insured receive the summons and complaint or have knowledge that the process had been received by his wife? This is the precise question presented the jury and is the sole ground upon which the judgment should rest.

If, then, it were not for the paucity of proof, the judgment appealed from should be affirmed. However, the finding implicit in the verdict that the insured never received or had knowledge of the summons and complaint is, in my opinion, against the weight of the evidence, which calls for a reversal and a new trial.

All concur, except WHEELER and VAN DUSER, JJ., who concur as to the reversal but vote for granting a new trial, in an opinion by WHEELER, J., in which VAN DUSER, J., concurs. Present — McCURN, P. J., KIMBALL, PIPER, WHEELER and VAN DUSER, JJ.

Judgment reversed on the law, without costs of this appeal to either party, and complaint dismissed, without costs.