Mario Pittont, J.
Motion pursuant to rules 113 and 104 of the Rules of Civil Practice is denied.
This is an action against an automobile liability insurer on judgments obtained against the insured, one Martin Kahn. In the action against Kahn no one appeared on his behalf. An inquest was held on November 3, 1960 and the judgments in favor of the three plaintiffs were entered on December 8, 1960.
The defendant in its answer, in addition to various denials, pleads as a defense that Martin Kahn failed to comply with the policy of insurance in that he did not forward to it, the insurer, any “ suit papers, notices of suit or legal papers ” connected with the claims of the plaintiffs.
Section 167 of the Insurance Law authorizes an action against the insurer by an injured person after a judgment obtained against the insured remains ‘ ‘ unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment * * * upon the insurer ”. The complaint herein does not contain an allegation to that effect. It has been held that such defect is jurisdictional (McNamara v. Allstate Ins. Co., 3 A D 2d 295, 299).
Considering the file that has been submitted of the abortive action commenced in the County Court for the same relief on December 14, 1960, it may be that the complaint herein, which was served on or about January 19, 1961, can be amended.
With respect to the merits of the motion for summary judgment, such motion must be denied. There is no proof that the defendant knew by notice from the insured or from the injured plaintiffs that an action was commenced against the insured. Although the failure of the insured to forward the summons and complaint would not foreclose a judgment against the insurer in the event notice of the pendency of the action was given to the insurer by the injured party with the opportunity afforded the insurer to interpose an answer and to defend on the merits (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028), it is clearly beyond any provision of section 167 of the Insurance Law to permit a recovery where there has been no opportunity afforded the insurer to defend the action against the insured on the merits.
Reference is made to a file allegedly maintained by the defendant in its Jamaica, N. Y., office bearing number 3G-3-4898. Assuming the existence of such file, there is no proof of its contents. If such file should contain or an examination before trial of the defendant should reveal information that the defend *725 ant knew of the pendency of the action against Kahn, it may be that the defendant would be barred from disclaiming liability because of the failure to give written notice of disclaimer to the injured person (Insurance Law, § 167, subd. 8). However, the court may not infer the existence of such knowledge by the defendant from the mere fact that there may be a file in its office relating to the accident.
As to the alternative relief sought under rule 104, ‘ ‘ an application to strike the entire answer under rule 104 must be denied, if there remains a single allegation in the pleading which survives the attack upon the whole.” (Brazos v. Brumidge, 6 A D 2d 494, 497.) Denials on information and belief by a corporation of matters which an individual defendant with personal knowledge could not deny in that form are proper. (Kayser v. Railway Express Agency, 54 N. Y. S. 2d 623 ; Olin v. Town of North Hempstead, 194 N. Y. S. 2d 979, 981.) Moreover, without discussing the denials enumerated by the movant, the defense in the answer is not shown to be sham. Accordingly, under the Brazos case (supra) the answer cannot be stricken.