Philip M. Kleinfeld, J.
In this action, brought by an injured party, for a judgment declaring the rights of the parties arising out of a disclaimer, the principal issue is whether the insurer has established that it exercised diligence and good faith in attempting to locate the assured and obtain her co-operation.
*814 Plaintiff was injured, allegedly because of the assured’s negligence, on June 1, 1965. The insurer received notice, from the assured, on June 14, 1965, and set up a file. Insurer’s counsel testified, rather vaguely, that the matter ‘ ‘ was assigned ’ ’, and that1 ‘ The next thing that happened here was on September 20th we were notified by the Motor Vehicle Accident Indemnification Corporation that someone had made a claim ”. There is no record of any activity, on the part of the insurer between June 14 and September 20, and no explanation for the absence of such record. .
Plaintiff commenced an action against the assured by service of process on June 29,1965. Insurer’s attorney testified that he was advised of this action by telephone in October, 1965. On October 25,1965, the Insurer retained outside investigator Boxer who testified that he contacted the broker, that he went to the assured’s last known address, where he met someone with whom the assured once lived, and that these efforts were fruitless, all of which he reported to the insurer on November 24, 1965 (the insurer’s attorney testified he received the report November 18, 1965). On April 12, 1966, Boxer, pursuant to new instructions, resumed the investigation by returning to the last known residence and another residential address. On December 28, 1965, he had made an inquiry as to seofflaw records at the Traffic Court. In the course of his investigation, Boxer found no neighbors from whom he could inquire. There were stores in the vicinity of the last known residence, but he made no inquiries at such stores. He never sought a credit report, and he was not ‘ ‘ supplied with the employment” of the assured.
It is denied, on “ information and belief ”, in the pleadings, that plaintiff, on September 18,1965, notified the insurer that the action against the assured was pending, gave the insurer copies of the summons, complaint and affidavit of service, and demanded that the insurer appear and defend. It is admitted that the insurer disclaimed by letter dated February 9, 1966.
On this record, the court is constrained to find that the disclaimer must be held invalid. It was the duty of the insurer to exercise diligence and good faith in locating the assured and obtaining her co-operation (Wallace v. Universal Ins. Co., 18 A D 2d 121, affd. 13 N Y 2d 978; Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159). The insurer’s efforts to locate the assured were wholly inadequate. There is no record of any attempt to find the assured’s place of employment; no inquiry was addressed to the Police Department’s Missing Persons Bureau, nor to the Motor Vehicle Department where a change of *815 address might have been registered. Under these circumstances, the insurer has not met its burden.
In addition, the record contains no sufficient explanation for the delay, in disclaiming, to February 9,1966. Since the insurer knew, by no later than October, 1965, that an action was pending against the assured, the delay, without sufficient explanation, renders the disclaimer ineffective (Appell v. Liberty Mut. Ins. Co., 22 AD 2d 906, affd. 17 N Y 2d 519).
The insurer relies on Citizens Cas. Co. of N. Y. v. Clark (245 App. Div. 38) in which it was held that the assured’s failure to timely forward process to the insurer was sufficient ground to negate the insurer’s responsibility under the policy. It is clearly the law that an insurer may disclaim for an assured’s failure to turn over process where the insurer has had no opportunity to defend. (In addition to Citizens Cas. Co., supra, see Zappia v. Allstate Ins. Co., 28 Misc 2d 723; Century Ind. Co. v. Hartford Acc. & Ind. Co., 130 N. Y. S. 2d 844; Clark v. Utica Mut. Ins. Co., 31 Misc 2d 1005.) At bar, however, the insurer has practically conceded that plaintiff not only sought the insurer’s appearance and defense of the action, he demanded such appearance and defense. Under the circumstances of this record, it is obvious that the insurer had the opportunity to defend, in spite of the assured’s failure to turn over process. In such case, the insurer may not disclaim for such failure (Actna Ins. Co. v. Millard, 25 A D 2d 341; Holubetz v. National Fire Ins. Co., 13 A D 2d 228, mot. den. 14 A D 2d 593; Lauritano v. American Fed. Fire Ins. Co., 3 AD 2d 564, affd. 4 N Y 2d 1028).
Settle judgment on notice, declaring the invalidity of the disclaimer and the ensuing rights and responsibilities of the parties; and dismissing the complaint as against MVAIC; all without costs to any party.