Frank FLORIO, Plaintiff-Appellee-Appellant,

v.

GENERAL ACCIDENT FIRE & LIFE ASSURANCE CORP., Ltd., Defendant-Appellant-Appellee.

No. 459, Docket 31250.

United States Court of Appeals Second Circuit.

Argued May 14, 1968.

Decided June 21, 1968.

Edward H. Schiff, New York City (Thomas V. Kingham, Harold L. Cowin, New York City, of counsel, Edward H. Schiff, Brooklyn, N. Y., on the brief), for defendant-appellant-appellee.

Stanley P. Danzig, New York City (Dora Aberlin, New York City, of counsel), for plaintiff-appellee-appellant.

Before MOORE, HAYS and FEINBERG, Circuit Judges.

MOORE, Circuit Judge:

Plaintiff brought this diversity action against defendant General Accident Fire & Life Assurance Corp., Ltd. under § 167 of the New York Insurance Law, McKinney's Consol.Laws, c. 28 [1] to recover a judgment of $10,161.87 obtained against the owner of a motor vehicle insured by defendant. Plaintiff was injured on September 14, 1949, in a collision between his truck and a truck driven by Clifford George Allen and owned by Peter Guittard. Defendant has conceded that at the time of the accident Peter Guittard was covered by a policy issued through its agent Arthur Brindley & Co., and that the premiums on the policy had been paid. It denies liability, however, on the ground that it was not given timely notice by its insured of the accident or the institution of suit.

The accident led to a lawsuit which was commenced by plaintiff in the New York Supreme Court by the service on March 3, 1950, of a summons and complaint on the driver and on Peter Guittard May 4, 1950. Neither the driver nor Peter Guittard informed defendant

[1]. "Liability insurance; standard provisions; right of injured person

1. No policy or contract insuring against liability for injury to person, except as stated in subsection three, or against liability for injury to, or destruction of, property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions which are equally or more favorable to the insured and to judgment creditors so far as such provisions relate to judgment creditors:

\* \* \* \* \*

(b) A provision that in case judgment against the insured or his personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract, shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.

(c) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer.

(d) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.

\* \* \* \* \* \*

(7) Subject to the limitations and conditions of subsection one, paragraph (b), an action may be maintained by the following persons against the insurer upon any policy or contract of liability insurance which is governed by said paragraph (b), to recover the amount of a judgment against the insured or his personal representative.

(a) Any person who, or the personal representative of any person who, has obtained a judgment against the insured or his personal representative, for damages for injury sustained or loss or damage occasioned during the life of the policy or contract; and

\* \* \* \* \* "

of the accident or the institution of suit. Since plaintiff did not know the identity of Guittard's insurance carrier or even whether he was insured, he did not give defendant notice of the accident or suit either. While that suit was pending, plaintiff's attorney who has represented him throughout made several attempts to learn whether Guittard was insured. Meeting with no success, in 1957 when both defendants were in default,[2] an inquest was taken and judgment by default entered in favor of plaintiff.

Thereafter, plaintiff's counsel attempted to serve Peter Guittard with a subpoena in supplementary proceedings in order to learn the name of the carrier, if any. Two attempts at service were unsuccessful, and on March 5, 1958, Peter Guittard died with the identity of the carrier still unrevealed. In 1959 plaintiff instituted a State court action against Peter's sons, Neal and Arthur Guittard on the ground that they had fraudulently conspired to conceal the existence of insurance coverage. At an examination before trial connected with this action, the brothers, Neal and Arthur, stated that they "could not recall just which broker had insurance, but they did recall having had dealings with a Mr. Sarrent who was an insurance broker in Arthur Brindley's office." Both the Guittards' lawyer and plaintiff's attorney promptly called Mr. Brindley to inquire whether he had any record of insurance coverage. After checking his files, he replied to both of them that there was no record of such coverage. There the matter rested until the discovery by the Guittard brothers in August, 1964, of the insurance policy issued to Peter and Neal Guittard by the Brindley office in 1948.

This policy was turned over to plaintiff's attorney who promptly notified defendant on September 9, 1964 of the 1949 accident and the 1957 judgment. On December 29, 1964 a copy of the judgment with notice of entry was served upon defendant. More than 30 days having elapsed without payment, plaintiff brought this action under the New York direct action statute, N.Y. Ins.L. § 167(7). At the conclusion of the trial, two interrogatories were submitted to the jury:

"(1) Did Mrs. Ruth Guittard, on behalf of Peter Guittard, give the defendant's agent, Arthur Brindley & Co., written notice that a truck owned by the insured, Peter Guittard, was in an accident on or about September 14, 1949?

"(2) Did Miss Dora Aberlin, on behalf of the plaintiff, Frank Florio, give written notice to the defendant, General Accident Fire and Life Assurance Corp., as soon as was reasonably possible, that a truck owned by the defendant's insured, Peter Guittard, was in an accident on or about September 14, 1949?"

The jury answered the first question "No" which indicated that no notice of the accident or suit had been given to defendant by the insured. The jury answered the second question "Yes" whereupon judgment was entered for plaintiff. N.Y.Ins.L. § 167, subd. 1(c), (d).

The main issue on this appeal is whether the Insurance Law allows recovery in a case where the insurance company first received notice of an accident 15 years after it occurred. The policy has the usual provisions requiring the insured to give the company notice of the occurrence of an accident "as soon as practicable" and to "forward to the company every demand, notice, summons or other process received by him" (¶¶ 6, 7). The policy also provides that no action shall lie against the company under the policy unless there has been full compliance with all of its terms (¶ 11). However, these provisions must be read in conjunction with § 167(1) of the Insurance Law because, in addition to authorizing a direct action by the injured

---

2. The action against a third defendant was severed in 1956.

claimant against the insurance carrier, that section provides that the following provision is deemed to be in every liability policy:

"(d) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible."

■ Defendant contends that since it has the right under the policy to negotiate, settle, or defend an action against its insured (¶ II(a)), the Insurance Law cannot and should not be construed to deprive it of that right. It is certainly true that a claimant authorized by § 167 to bring suit against the insurer stands in the shoes of the insured and must abide by any applicable provisions of the policy. N.Y.Ins.L. § 167(1) (b). Coleman v. New Amsterdam Casualty Co., 247 N.Y. 271, 160 N.E. 367, 72 A.L. R. 1443 (1928); McNamara v. Allstate Ins. Co., 3 A.D.2d 295, 160 N.Y.S.2d 51 (4th Dept. 1957); Tennant v. Farm Bureau Mutual Automobile Ins. Co., 286 App.Div. 117, 141 N.Y.S.2d 449 (4th Dept. 1955). However, plaintiff argues that he has complied with the terms of the policy, as amended by § 167(d), because the jury found that he did give defendant the required notice "as soon as was reasonably possible." While the existence of insurance coverage and the identity of the carrier are now a matter

of public record and can readily be obtained, the District Court noted that "in 1949 there was no public record of auto liability insurance coverage and defendant's counsel recognized that in some cases a claimant could not ascertain whether a policy existed."

■ Under these special circumstances, it is possible under § 167(d) for a plaintiff to give timely notice of accident and suit to the insurer even after judgment has been obtained against the insured, so long as he has been reasonably diligent in attempting to learn the identity of the insurer. The jury in this case determined that the plaintiff gave the required notice as soon as was reasonably possible, and we think that verdict is supportable.[3] Furthermore, the insurance company was not confronted with a default judgment automatically binding on it without an opportunity to defend on the merits. Within one year of the service of the judgment upon it, the company could have made a motion to vacate or reopen the judgment on the ground of excusable neglect pursuant to N.Y. CPLR § 5015(a) (1). Defendant has chosen not to pursue that course and therefore cannot claim that it has been deprived of property without due process of law.

■ Defendant also argues that even if the required notices were timely, this action is barred by the applicable six-year statute of limitations. N.Y.Civ. Prac. Act § 48. Section 167(7) (a) gives a right of action against the insurer to any person who "has obtained a judgment against the insured" and the period of limitations has been construed

---

3. In Lauritano v. American Fidelity Fire Insurance Co., 3 A.D.2d 564, 570, 162 N.Y.S.2d 553, 558 (1st Dep't 1957), aff'd mem., 4 N.Y.2d 1028, 177 N.Y.S.2d 530, 152 N.E.2d 546 (1958), the Court stated:

"Of course, it is conceivable that plaintiff could have taken other and further steps to discover the identities of the insurance companies involved at an earlier date. There are few investigative activities, when analyzed retrospectively against the background of

known facts, that will not yield up faster and more direct avenues to the truth—particularly when the investigation is pursued against obstructive tactics. But plaintiff's efforts must be judged by the standard of what appeared reasonable at the time. Viewed in that light, plaintiff's notice to S. S. D.'s insurers immediately upon learning their identities must be deemed to have been made as soon as it was reasonably possible for him to do so."

as running from the time judgment is entered against the insured. Oakley v. Firemen's Ins. Co., 70 N.Y.S.2d 458 (Sup.Ct.1947). A claimant's ignorance of the existence of an insurance policy does not by itself suspend the operation of the statute of limitations. Nigro v. Commercial Travelers Mut. Acc. Ass'n, 268 App.Div. 442, 51 N.Y.S.2d 526 (2d Dept. 1944). However, we agree with the District Court that it would be inequitable in this case to allow defendant to plead the statute of limitations.

In 1959, when plaintiff's counsel was led to believe that Arthur Brindley might have insured Peter Guittard, she made an inquiry as to coverage but was advised by Brindley that there was no record of such a policy. In fact there was such a record and it was produced at trial. Since it is clear that plaintiff would have brought suit in 1959, well within the statute of limitations, but for the erroneous statement of defendant's agent, defendant is equitably estopped from asserting such a defense. Romano v. Metropolitan Life Ins. Co., 271 N.Y. 288, 2 N.E.2d 661, 105 A.L.R. 989 (1936). Acts of an agent can estop an insurance company from raising defenses it would otherwise have under the policy. See Manchester v. Guardian Assurance Co., 151 N.Y. 88, 45 N.E. 381 (1896); cf. Goodwin v. Massachusetts Mutual Life Ins. Co., 73 N.Y. 480 (1878); see generally 16A Appleman, Insurance § 9088 (1968); Vance, Insurance 530, 541 (3rd ed. 1951). Defendant contends that rule is not applicable here because of a provision in the policy requiring that all changes be made by endorsements to the policy.[4] However, the policy has not been altered or defendant's rights thereunder waived by any notice or knowledge allegedly given to Brindley. Defendant is simply estopped from raising the defense of the statute of limitations because of the statement made to plaintiff's counsel by its agent. The provision as to changes is therefore not applicable.

Plaintiff has cross-appealed in this action, contending that the District Court should have awarded him interest upon the default judgment from April 9, 1957, the date it was handed down rather than from December 29, 1964 when the judgment with notice of entry was first served upon the defendant. However, plaintiff could not commence this action against defendant or call upon it to pay the judgment until notice of the entry of the judgment had been served upon it in accordance with § 167(1) (b), (7) of the Insurance Law. Since defendant could not be in default until such notice had been given it, the District Court properly granted interest from December 29, 1964, rather than some earlier date.

The judgment of the District Court is therefore affirmed.

---

4. "15. Changes. Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by the United States Manager and Attorney."