James F. Niehoff, J.
The motion by defendant for an order of summary judgment dismissing the plaintiff’s complaint is granted.
The cross motion by plaintiff for summary judgment is denied.
The two motions herein are predicated upon a life insurance policy issued on March 14, 1967 to one Jack Shaw. The basic facts are as follows:
Shortly after applying for the policy and naming his wife, Lillian Shaw, as beneficiary, Jack Shaw died on September 27, 1967. As his executrix and beneficiary of his estate Lillian Shaw marshalled his assets and distributed them in accordance with the will. Neither the insurance policy nor any proof in the form of a canceled check or file was ever found by Lillian Shaw to alert her to the existence of the policy or that her late husband Jack Shaw had purchased the policy.
On August 8, 1972 Lillian Shaw died and the plaintiffs were appointed coexecutors of her estate. Upon marshalling their mother’s assets, the plaintiffs went through all the materials from their father’s estate. They found no policy on their father’s life.
During April, 1976, nearly four years later, one of the coexecutors discovered the policy while preparing to dispose of some old canceled checks from his father’s estate. Thereafter, he immediately notified the defendant, which acknowledged issuance of the policy by its predecessor in interest, the Hamilton Life Insurance Company, but refused to pay on the policy claiming the Statute of Limitations had run on the policy. Suit was commenced in March of 1977.
The defendant, relying upon Stewart v Penn Mut. Life Ins. Co. (266 App Div 617, affd 293 NY 674), argues that the six-year Statute of Limitations (CPLR 213) applies; that the period in which an action on a life insurance policy must be commenced runs from the date of the death of the insured; *66 that the instant suit was not commenced until approximately March, 1977, nearly 10 years after the death of the insured; and that, therefore, the action is time-barred.
The plaintiffs, on their part, urge that the Statute of Limitations should not preclude this action because they were ignorant of the existence of the insurance policy, were guilty of no negligence, and made prompt claim after learning of the existence of the policy.
In opposition to defendant’s reliance on the Stewart case they point out that the Stewart case was not one wherein the beneficiary learned of the existence of the policy after the statutory period had expired. The court agrees with plaintiffs in this respect and holds that the Stewart case is factually dissimilar from the instant case and does not necessarily bar plaintiffs from recovering herein.
At the same time, the court is unable to say that the New York cases cited by plaintiffs to wit, Trieger v Commercial Travelers Mut. Acc. Assn. of Amer. (122 Misc 159), and Varga v Credit Suisse (6 Misc 2d 843, revd 5 AD2d 289, affd 5 NY2d 865), support the plaintiffs’ right to recover.
In Trieger (supra), there was a specific clause in the policy pertaining to notice by the beneficiary which stated "unless the notices herein specified shall be shown not to have been reasonably possible.” The beneficiary in Trieger (supra), had the advantage of this specific clause which permitted her to notify the insurance company after the statute had run. There is no such clause in the policy before the court.
The plaintiffs’ reliance on the Varga case (supra), is also unavailing since on appeal the Appellate Division reversed the lower court (5 AD2d 289, supra), holding that the six-year Statute of Limitations is a bar to a contract or conversion action commenced after the time has run, even if the beneficiary was not aware of the dissipation of the funds prior to the expiration of the six years. The Court of Appeals affirmed the Appellate Division. (5 NY2d 865, supra.)
In a word, neither of the parties has been able to refer this court to a New York case which is factually similar to this one. However, by its own research the court has come upon a case which appears to be dispositive, namely, Nigro v Commercial Travelers Mut. Acc. Assn. of Amer. (268 App Div 442, mot for lv to app den 268 App Div 1059).
In the Nigro case our Appellate Division, Second Depart *67 ment, decided that a suit brought by the beneficiary’s executor was time-barred even though it was alleged that the beneficiary has died ignorant of the existence of the insurance policy. The court pointed out that under the terms of the accident insurance policy, which required a suit to be commenced within 12 months from the date of the accident, any action had been barred long before the beneficiary’s death which occurred some 28 months after the insured’s accident.
Again, the instant case is somewhat different. The case at bar concerns itself with a statutory time limitation as opposed to a policy time limitation which is fixed by contract. In the case of a policy time limitation the parties determine the date from which the limitation will run whereas in the case of a statutory time limitation the court interprets the law as to the accrual date of the claim.
However, it is fundamental law that the general six-year Statute of Limitations relating to contractual obligations applies to an action on a life insurance policy (see 31 NY Jur, Insurance, § 1569). Thus, the beneficiary of the policy herein was entitled to recover upon the death of the insured and obligated to commence action on the policy within six years from the insured’s death. Applying the principle of the Nigro case (supra), to the case at bar the court is constrained to hold that the claimants’ ignorance of the existence of the policy does not suspend the operation of the Statute of Limitations any more than it suspended the operation of the policy time limitation in the Nigro case.
It is true, of course, that an insurance company may waive provisions limiting the time within an action may be brought or, under certain circumstances, may be estopped from relying thereon (see 31 NY Jur, Insurance, § 1587). However, the defendant herein has not waived the Statute of Limitations and has not been shown to have committed any acts on which an estoppel could be based. Indeed, apparently recognizing the inapplicability of such principles, the plaintiffs do not even urge a waiver or estoppel.
Having concluded that the Nigro case is controlling the court has no alternative but to follow that case and grant defendant’s motion for summary judgment. However, the court does so reluctantly. Were the question an open one in this State the court would adopt the rule in force in the State of Pennsylvania and certain other jurisdictions. That rule is set forth in the case of Thompson v Equitable Life Assur. Soc. *68 of U. S. (447 Pa 271). There, the Court of Common Pleas of Allegheny County ruled against a beneficiary who brought suit after the six-year statute had run notwithstanding her claim that she did not discover the existence of the policies in question until after the statute had run. The Superior Court affirmed. The Supreme Court of Pennsylvania reversed and ruled in the beneficiary’s favor. In the course of its opinion that court wrote (447 Pa 271, 274, 276):
"most jurisdictions follow the general rule that failure to bring suit within the time limit stated in the policy is excused where the beneficiary does not know of the existence of the policy until after the alleged time has expired; provided (1) he notifies the company at once after acquiring the knowledge, and (2) the lack of knowledge was without negligence or fault of the party seeking to be excused. 44 Am. Jur. 2d, § 1915. Any other rule, which would forfeit a life insurance policy because the beneficiary had not given notice or brought suit within a certain period of time after the death of the insured, when the beneficiary did not know of the existence of the policy until after the prescribed period had expired and the beneficiary’s ignorance was without negligence or fault would be unduly harsh. See the recent exhaustive annotation to Clinard v. Security Life & Trust Co., 264 N.C. 247, 141 S.E. 2d 271 (1965), 28 A.L.R. 3rd 286, entitled 'Beneficiary’s Ignorance of Existence of Life or Accident Policy as Excusing Failure to Give Notice, Make Proof of Loss, or Bring Action Within Time Limited by Policy or Statute’ * * *
"Here, the record is clear. Because of his tubercular condition, the insured, appellant’s late husband, was not living with appellant and their family during his final illness. According to appellant, Mr. Thompson never discussed any insurance policies with her. The appellant further testified that between the date of her husband’s death on January 16, 1947, and her discovery of the old group certificates in the fall of 1965, she did not know of the existence of any insurance. Under such circumstances, her failure to discover the policies at an earlier time was excusable and her claim should not have been barred by the statute of limitations.”
While the principle of law announced in the Pennsylvania case (supra), appeals to this court’s sense of fairness and equity, a decision of our Appellate Division must be followed. "Courts of original jurisdiction do not make the law but follow it as developed by the appellate court decisions, even though *69 the controlling precedents conflict with the views of the court of original jurisdiction” (1 Carmody-Wait 2d, § 2:58).