■ GRACE FUSCO, Appellant, v AMERICAN COLONIAL INSURANCE COMPANY, Respondent. [633 NYS2d 316] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered November 1, 1994, which dismissed plaintiff's action, and bringing up for review an order of the same court and Justice entered August 4, 1994, which, *inter alia*, granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff seeks to compel defendant insurer to pay a default judgment entered against the latter's insured. The policy contained a provision requiring the insured to "immediately forward to the company every demand, notice, summons or other process received by him or his representative." Insurance Law § 3420 (a) (3) essentially provides that an injured party may give an insurer any notice which is the responsibility of the insured. However, neither the insured nor plaintiff notified defendant insurer of the commencement of the action until 16 months had passed, and a default judgment had been entered against the insured. Timely notice of the commencement of an action is a condition precedent to liability on the part of the insurer (*Tennant v Farm Bur. Mut. Auto. Ins. Co.*, 286 App Div 117, 120-121). "Absent a valid excuse, a failure to satisfy the notice requirement vitiates the policy * * * and the insurer need not show prejudice before it can assert the defense of noncompliance." (*Security Mut. Ins. Co. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440.) Since timely notice was not given defendant insurer, its cross motion for summary judgment was properly granted. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.