EVA B. STEWART, Respondent, *v.* PENN MUTUAL LIFE INSURANCE COMPANY, Appellant.

Fourth Department, November 5, 1943.

*Roy P. Ohlin* and *Charles F. Steele* for appellant.

*Elijah W. Holt* for respondent.

*Per Curiam.* This appeal is from a judgment in favor of the plaintiff entered upon a direction of a verdict.

The defendant life insurance company, on January 6, 1917, issued a life insurance policy on the life of one Robert P. Stewart. His wife, the plaintiff herein, was the named beneficiary. The policy was lapsed in 1927 for the alleged nonpayment of the semi-annual premium due. on April 30, 1927. In accordance with the nonforfeiture provision of the policy it continued on an automatic extended insurance basis until March 31, 1929, when the cash value became exhausted and the policy terminated. It is the claim of the plaintiff that the semi-annual premium of April 30, 1927, was not in default but that the same was paid, or should have been paid, as a premium lien, by reason of a request made by the plaintiff pursuant to the terms of the policy. The plaintiff's contention was that the policy was wrongfully lapsed and that the rights of the beneficiary were not impaired by such wrongful action on the part of the company.

The policy provided that under certain circumstances a premium might be paid by the premium lien method when request for the same is filed at the home office of the company. On May 28, 1927, the insured executed and delivered to the company's agent a request for a premium lien. At that time the semi-annual payment of April 30th had not been paid. The insured had also given a note for the prior semi-annual premium

of October 30th. The request for a premium lien did not specify what particular premium the insured desired to pay by the premium lien method. He afterwards executed a premium lien note of $165.85, the amount of one semi-annual premium. The company thereupon applied the premium lien note to the October 30th premium substituting the premium lien note for the note previously given and returning the previous note to the insured. The policy was subsequently lapsed for the nonpayment of the April 30th premium. There is no evidence as to the terms of the note for which the premium lien note was substituted, except that it was not a premium lien note. There is no evidence of any action on the part of the insured indicating that the company's action in substituting the premium lien note for the prior note was other than in accordance with his request. The extended insurance remained in force until March 31, 1929. The insured died February 14, 1934. His widow, the beneficiary, commenced this action in July, 1940. There was no claim of mistaken or wrongful application of the premium lien note or of wrongful cancellation on the part of anyone until the plaintiff made such a claim in her complaint served in July, 1940. We think the facts do not support a finding that the policy was wrongfully or illegally canceled by the defendant.

The complaint contains allegations that the defendant fraudulently represented to the insured that it had a right to cancel the contract and that such fraudulent representations were not discovered by the plaintiff until very shortly before this action was commenced. We find no evidence of fraud. This is an action based upon the insurance contract and the fact that the complaint contains allegations of fraud does not change its nature. (*Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259, 263–265; *Cohen* v. *City Company of New York*, 283 N. Y. 112, 117.) The apparent purpose of pleading the fraud is to avoid the six-year Statute of Limitations. The plaintiff seeks to recover here, not the monthly installments provided for in the contract but a commuted lump sum. We think that the six-year Statute of Limitations is a bar to the recovery sought and allowed here.

The judgment and resettled order should be reversed on the law and facts and the complaint dismissed, with costs.

All concur, except HARRIS, J., who dissents and votes for affirmance. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, HARRIS and McCURN, JJ.

Judgment and resettled order reversed on the law and facts with costs, and judgment directed in favor of the defendant dismissing the complaint, with costs.