■ ERNA MENZEL, Respondent, v. ALBERT A. LIST, Defendant-Appellant and Third-Party Plaintiff-Appellant. KLAUS G. PERLS et al., Trading under the Name of PERLS GALLERIES, Third-Party Defendants — Respondents-Appellants.— Order, entered February 7, 1964, denying defendant's motion to dismiss the complaint in an action for conversion on the ground of Statute of Limitations and, in the alternative, to dismiss the third-party defendants' affirmative defense of the Statute of Limitations in the third-party proceedings and denying the motion by the third-party defendants to dismiss the principal complaint on the ground of the Statute of Limitations, unanimously affirmed, with costs to abide the event. The precedents in this State suggest that with respect to a bona fide purchaser of personal property a demand by the rightful owner is a substantive, rather than a procedural, prerequisite to the bringing of an action for conversion by the owner (*Gillet* v. *Roberts,* 57 N. Y. 28; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 206.01 and cases cited; 36 N. Y. Jur., Limitations and Laches, § 62; but, see, Restatement, Torts, §§ 229, 899, *Comment c,* p. 526). If that be so, then the Statute of Limitations did not begin to run until demand and refusal. By extension in reasoning, if the demand is requisite to creating the cause of action, the demand, or more, may also be requisite to creating the breach of warranty upon which the third-party complaint depends. Under the circumstances, it would be desirable that the pleadings in the third-party proceedings not be foreclosed prior to trial. (But see: *Joannes Bros. Co.* v. *Lamborn,* 237 N. Y. 207; cf. *Moore* v. *Maddock,* 224 App. Div. 401, 410.) Lastly, the record and the submissions by counsel are inadequate to determine the application and effect of Belgian or French law to the facts. Concur — Breitel, J. P., Valente, McNally, Steuer and Witmer, JJ

■ NEW YORK TV PRODUCTIONS, INC., Plaintiff, and THEODORE GRANIK, Respondent, v. SCREEN GEMS, INC., et al., Appellants.— Order entered April 28, 1964, denying defendants' motion to dismiss plaintiff's first cause of action, unanimously affirmed, with costs to abide the event. Conceivably, although unlikely, plaintiff may have a claim for individual services separate and apart from the services rendered by him on behalf of the corporation. Concur — Breitel, J. P., Valente, McNally, Steuer and Witmer, JJ.