■ STANLEY F. KLIMCZAK, Appellant, v CONNREX CORPORATION, Respondent.—Order unanimously affirmed, with costs. Memorandum: In 1962, petitioner, while a director and secretary of Electro Networks, Inc., the predecessor to the respondent, was unsuccessfully sued by Polur, who was then a director and president of Electro. The case terminated on July 1, 1968 when an application for leave to go to the Court of Appeals was denied *(Polur v Klimczak,* 29 AD2d 844, app den 22 NY2d 642). Pursuant to section 725 (subd [a], par [2]) of the Business Corporation Law, petitioner commenced a special proceeding on January 20, 1971, seeking indemnification for legal expenses incurred in defense of that action. When such relief is sought in a special proceeding, petitioner must show reasonable cause for failure to seek the relief in the original action (Business Corporation Law, § 725, subd [a], par [2]). Petitioner could have requested relief as early as April, 1967. Although he maintains that he had to await final appellate determination, this would only justify delay until July, 1968. Petitioner offers no reasonable cause for delay from July, 1968 until the commencement of this proceeding. The claim is also barred by the Statute of Limitations. If a claim would not exist but for a statute, the claim is upon "a liability * * * created or imposed by statute", and carries a three-year

Statute of Limitations (CPLR 214, subd 2; see *Hornblower & Weeks-Hemphill, Noyes v Burchfield,* 366 F Supp 1364). The cause of action for indemnification of corporate directors and officers did not exist prior to statutory enactment and no such right existed at common law (see *Matter of Schwarz v General Aniline & Film Corp.,* 305 NY 395, 404–406 [Carswell, J., concurring]). Since this proceeding was brought over three and one-half years after petitioner was first entitled to relief, it is not timely under CPLR 214 (subd 2). (Appeal from order of Monroe Special Term dismissing petition for indemnification.) Present—Marsh, P. J., Moule, Simons, Mahoney and Del Vecchio, JJ.