■ FRIGI-GRIFFIN, INC., Appellant, v HARRY R. LEEDS et al., Respondents, et al., Defendants.—Order, Supreme Court, New York County, entered November 28, 1975, granting defendants' motion to dismiss the complaint as barred by the Statute of Limitations, unanimously modified, on the law, to the extent of reinstating the first four causes of action of the original complaint as against the individual defendant Leeds; granting the cross motion to amend the complaint and add a fifth cause of action and allowing the plaintiff to replead as against all defendants with regard to the fourth cause of action in the original complaint, to the extent that the cause of action is based on the newly pleaded claim of a constructive trust, and otherwise affirmed, without costs or disbursements. Frigi-Griffin, Inc., is involved in the manufacture of contact lenses. Harry R. Leeds formed Frigi-Griffin and was a principal of the corporation. Leeds had developed materials for use in the manufacture of soft contact lenses, which ultimately resulted in his obtaining Patent No. 3,621,079 (the 079 patent). In 1967, Frigi-Griffin was granted a license to deal in soft contact lens material and any improvements made relating to it. Leeds, at the same time, entered into an employment agreement which provided that any ideas or improvements related to the business of Frigi-Griffin would become its exclusive property. The material originally developed by Leeds is claimed by him to have been the subject of the licensing agreement. He claims further that the 079 patent did not involve a development of the original material and was not subject to the terms of the agreement with Frigi-Griffin. Demands were made of Leeds as late as April, 1969 to adhere to the terms of his agreements. Leeds interpreted these demands to be directed towards assignment of the 079 patent to Frigi-Griffin, while Frigi-Griffin maintains that use and testing rather than ownership were in issue. Leeds was removed as a director of Frigi-Griffin in October, 1969 and he subsequently refused to make the patent available to Frigi-Griffin. He formed Patent Structures,

Inc., renamed it Torchem, Inc., and assigned the patent application to it in May, 1970. Defendants Gold and Slosberg are officers of Torchem. In May, 1969, Frigi-Griffin brought suit against Leeds, which action was settled in May, 1971. The agreement at settlement left in issue the ownership of certain patent applications (now the 079 patent). No further steps were taken until March, 1975 when this action was instituted. The instant complaint contains four causes of action: The first is based on Leeds' breach of his fiduciary obligation in failing after the April, 1969 demand to assign his right to the (present) 079 patent; the second is based on alleged breach by Leeds of his employment contract; the third is based on the alleged breach of the 1967 licensing agreement; and the fourth seeks a declaratory judgment as to ownership of the patent. The first three causes of action also were against the balance of the defendants, alleging that they participated in the breach or induced the breach of Leeds' obligation to Frigi-Griffin. On motion of the defendants, Special Term dismissed all the causes of action against all defendants as barred by various Statutes of Limitations. Frigi-Griffin's cross motion to add a fifth cause of action was denied as academic. With regard to dismissal of the first three causes of action against the defendant Leeds we find that they are not time-barred. The cause of action against Leeds did not accrue when he filed his patent application in 1968, since that filing was not wrongful. An inventor who is willing and available to execute an application must do so in his own name (US Code, tit 35, § 111).[1] Furthermore, Frigi-Griffin did not have to demand an assignment in 1968, since Leeds was an officer of the corporation and his co-operation was then forthcoming. CPLR 206 (subd [a]) provides that, where a demand is necessary, the accrual of the cause of action occurs when the right to make a demand is complete. However, when a demand is of a substantive nature (i.e. an essential element of the cause of action), the statute runs only after a demand has been refused (1 Weinstein-Korn-Miller, NY Civ Prac, § 206.01; see *Menzel v List,* 22 AD2d 647). The latter situation is applicable to the case at bar and therefore the statute began to run with regard to the first three causes of action against Leeds when the April, 1969 demand was made. Since the applicable limitation is six years (CPLR 213, subds 2, 7), these three causes of action are not barred as against Leeds.[2] Similarly, the fourth cause of action seeking declaratory relief is governed by the underlying cause of action, namely, breach of contract, and it too, being subject to the six-year limitation period, is not time-barred (1 Weinstein-Korn-Miller, NY Civ Prac, § 213.02). In this posture of the case, we have also granted Frigi-Griffin leave to amend the complaint to add a fifth cause of action (denominated as the fourth cause of action in the proposed amended complaint) sounding in constructive trust, and further granted leave to replead as to all defendants with regard to causes of action Nos. 4 and 5 in the proposed amended complaint. We have reviewed the other arguments raised and found them to be without merit. Concur—Murphy, J. P., Birns, Capozzoli, Lane and Nunez, JJ.

---

1. Section 118 of title 35 of the United States Code permitting application by one other than the inventor only becomes operative if the inventor is unavailable or unwilling to file an application.

2. No appeal is taken from the dismissal of the first three causes of action against the other defendants, and we therefore need not deal with them. We would in any event have affirmed that portion since we construe the causes of action against the remaining defendants to be an inducement to breach a contract, which is an injury to property and is governed by a three-year limitation period (CPLR 214, subd 4).