STATE OF NEW YORK, Respondent-Appellant, v STEWART'S
ICE CREAM COMPANY, INC., et al., Defendants, and
BRUNDIGE OIL COMPANY et al., Doing Business as
BRUNDIGE OIL COMPANY, Appellants-Respondents.

Third Department, March 1, 1984

#### APPEARANCES OF COUNSEL

*Carter, Conboy, Bardwell, Case & Blackmore* (*Marilyn S. Raskin* of counsel), for appellants-respondents.

*Robert Abrams, Attorney-General* (*Betsy Broder* and *Peter J. Dooley* of counsel), for respondent-appellant.

#### OPINION OF THE COURT

MAHONEY, P. J.

The facts are undisputed. On or about September 8, 1978, defendants are alleged to have caused a discharge of petroleum in a water well in the Village of Hagaman, Montgomery County. The New York Environmental Protection and Spill Compensation Fund expended $9,964.28

to contain, remove and mitigate the discharge. On August 10, 1982, plaintiff State of New York commenced the instant action pursuant to article 12 of the Navigation Law to recover the costs of the cleanup. In a preanswer CPLR 3211 (subd [a], par 5) motion, defendants Brundige Oil Company and N. E. Banta moved to dismiss the complaint as barred by the Statute of Limitations (CPLR 214, subds 2, 4). Special Term denied the motion. However, Special Term struck those portions of the complaint which sought damages expended more than three years prior to the commencement of the action. These cross appeals ensued.

The New York Environmental Protection and Spill Compensation Fund has an absolute duty to clean oil discharges pursuant to section 176 and subdivision 2 of section 181 of the Navigation Law. Subdivision 1 of section 181, however, places an absolute duty to pay for the cleanup upon the discharger. The issue raised by juxtaposing the fund's duty to clean with defendants' duty to pay for the cleanup is whether plaintiff's action is based on an implied right of indemnification or, as defendants contend, upon rights which are solely derivative from the damaged party. Clearly, if plaintiff's rights are derivative the action is barred by the three-year Statute of Limitations imposed by CPLR 214.

While it is true that recovery by the fund of clean-up costs or damages is conditioned upon the administrator of the fund acquiring by subrogation all rights of the claimant to recover such costs or damages from the discharger (Navigation Law, § 188), it is inaccurate to conclude that an action based on subrogation is the exclusive remedy to recover the money expended. A statute or legislative act is to be construed as a whole (McKinney's Cons Laws of NY, Book 1, Statutes, § 97). Section 193 of the Navigation Law states, in part, that: "Nothing in this article shall be deemed to preclude the pursuit of any other civil or injunctive remedy by any person. The remedies provided in this article are in addition to those provided by existing statutory or common law". This language lends support to plaintiff's position that a cause of action for implied indemnification exists which is in addition to, rather than precluded by, the subrogation action authorized by section 188

of the Navigation Law. Thus, we conclude that when section 181 of the Navigation Law, which provides duties and liabilities for both the fund and the discharger, is read along with the provisions of sections 187, 188 and 193, it becomes clear that article 12 of the Navigation Law provides plaintiff with a cause of action in implied indemnification. Incontestable support for this view can be found in *McDermott v City of New York* (50 NY2d 211, 217), wherein the Court of Appeals stated: "It is nothing short of simple fairness to recognize that '[a] person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity' * * * To prevent unjust enrichment, courts have assumed the duty of placing the obligation where in equity it belongs * * * Thus, the rule developed that '[w]here payment by one person is compelled, which another should have made * * * a contract to reimburse or indemnify is implied by law'". (Citations omitted.)

Next, we hold that the three-year period of limitations set forth in CPLR 214 (subd 2), rather than the six-year contract limitations period provided in CPLR 213, is applicable. None of the damages sought by plaintiff in this action represent payment to third persons to reimburse them for effectuating a cleanup. All of the damages represent the plaintiff's clean-up costs for which, pursuant to section 181 of the Navigation Law, defendants are strictly liable. "If a claim would not exist but for a statute, the claim is upon 'a liability * * * created or imposed by statute', and carries a three-year Statute of Limitations" (*State of New York v City of Binghamton*, 72 AD2d 870, 872 [citations omitted]). Further support for holding CPLR 214 (subd 2) applicable can be gleaned from section 182 of the Navigation Law, which provides that a claim by an injured party can occur "not later than three years after the date of discovery of damage nor later than ten years after the date of the incident which caused the damage". Therefore, because a reimbursement claim can only be filed by the fund after the money is dispensed, a three-year period must run from the payment.

The final issue is whether the three-year period is measured from the date of the final payment or from the time

each individual payment is made. We hold that the limitations period commences to run from the date of the final payment.

To hold, as did Special Term, that a separate and distinct cause of action comes into being and triggers the running of the limitations period each time a payment is made would subvert the intent of the statute. The law encourages the injured party to respond quickly to discharges and effect prompt cleanup to minimize environmental damage without fear that they will be unable to obtain satisfaction from the discharger, since they can seek reimbursement from the fund through a simple administrative procedure (Navigation Law, §§ 181, 182). The State may then pursue its own action against the discharger (Navigation Law, § 188). Where, as here, the fund undertakes the cleanup to minimize environmental damage and hires private contractors to do the work, it would abort the legislative intent to hold dischargers liable for the full costs of removing harmful substances to preclude recovery for costs incurred by the State more than three years before the commencement of the action. In our view, the strict liability imposed on dischargers under article 12 of the Navigation Law compels a holding that a cause of action accrues as of the date of the last payment made by the fund or as of the date of identification of the discharger, whichever occurs later.

The order should be modified, on the law, with costs, by deleting the second decretal paragraph of the order, and, as so modified, affirmed.

YESAWICH, JR., J. (concurring in part and dissenting in part). The petroleum discharge involved was reported in 1978. State Department of Transportation personnel and contractors retained by the State removed the contamination at a cost to the oil spill fund, as of April 15, 1982, of $9,964.28. The last clean-up and removal work was performed on March 12, 1980. Payments from the fund to the contractors were by 19 separate vouchers, three of which (totaling $2,325.72) were issued more than three years prior to the commencement of this suit against the discharger.

By article 12 of the Navigation Law, the Legislature conferred upon plaintiff the right to recover the cost of

clean-up operations undertaken by the State. In my judgment, that statutory right, for which the Statute of Limitations is three years (CPLR 214, subd 2), accrues not merely from the date final payment is made by the fund, but rather from each time a payment is made. Using the date of the last payment as the accrual date does, of course, have the virtue of both fixing that date and avoiding the burden of multiple actions, but there is no statutory justification for doing so. Had the Legislature intended that a cause of action for reimbursement to the fund was to remain unaccrued until the fund chose to make final payment, thus in effect giving it practically unilateral control over when the Statute of Limitations commences to run — a unique privilege indeed — the Legislature surely would have so stated.

Furthermore, I am not persuaded that the legislative intent to have dischargers pay the full cost of removing harmful substances is necessarily served by the conclusion that a cause of action for that purpose comes into being only when "final" payment is made, because by declaring the payment final any damage believed caused by the incident but only discovered subsequent to that payment would not be recoverable, a result obviously not intended by the Legislature.

Beyond that, it appears to me that the harm being redressed here, at least until the contamination was removed, can be analogized to a continuing wrong, a nuisance, in which a cause of action accrues for each injury, to wit, each time payment from the fund is required.

Accordingly, I would affirm the order of Special Term.

MAIN, MIKOLL and WEISS, JJ., concur with MAHONEY, P. J.; YESAWICH, JR., J., concurs in part and dissents in part in a separate opinion.

Order modified, on the law, with costs, by deleting the second decretal paragraph of the order, and, as so modified, affirmed.