OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
In this action by respondent, Medical Facilities, Inc., operator of a health care facility, to recover for alleged business interruption and rent loss under a fire insurance *717 policy issued by underwriters represented by appellant, John William Pryke, appellant sought, and was properly denied, dismissal of the complaint on the ground that the action was untimely brought. The fire took place six years and three days prior to the commencement of suit, and the insurance policy did not include the language mandated by subdivision 5 of section 168 of the Insurance Law or any reference to a period of limitations for commencing suit.
The court below correctly concluded that in the absence of the “165 lines” required by subdivision 5 of section 168 of the Insurance Law, or any reference to a shortened Statute of Limitations, this breach of contract action was governed by the six-year limitations period of CPLR 213 (subd 2). An insurer who issues a policy omitting reference to the shortened limitations period, in violation of statutory mandate, cannot claim the benefit of its own omission, for an insured would otherwise have no notice that his time to commence suit was different from that provided by law for any contract action.* While appellant contends that, within two years after the fire, the insured was given actual notice of a shortened limitations period, there is nothing in the record to raise a triable issue of fact to support this conclusory assertion, and in any event even actual notice would not have cured the insurer’s failure to make a shortened limitations period part of the insurance contract.
A cause of action against an insurer will accrue on the date of the fire if the policy so provides (Proc v Home Ins. Co., 17 NY2d 239), but in the absence of any provision regarding accrual in the contract of insurance the Statute of Limitations for breach of contract generally begins to run upon breach. Here, the contract of insurance required that all claims be paid within 30 days after presentation and acceptance by the insurer of satisfactory proof of loss. Even if the insured furnished such proof on the very day of the fire, there could according to the contract be no breach by the insurer’s failure to pay until 30 days had passed. Respondent’s action commenced six years and three days from the date of the fire was therefore timely.
*718 Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur.
Order affirmed, with costs, in a memorandum. Question certified answered in the affirmative.

 To the extent that language contained in Hamilton v Royal Ins. Co. (156 NY 327, 336-337), addressing a different issue, is to the contrary, it should not be followed.