◼ JEAN M. LAWRENCE, Respondent, v ANDREW MELONI, as Sheriff of Monroe County, et al., Defendants, and UTICA NATIONAL INSURANCE GROUP, Appellant.—Order unanimously

reversed on the law without costs and judgment of Rochester City Court reinstated. Memorandum: County Court erred in concluding that plaintiff acquired title to stolen property by adverse possession of stolen property for a period in excess of the Statute of Limitations for conversion. It is well established that an innocent purchaser of stolen property does not become a wrongdoer until she refuses the owner's demand for return of the property *(MacDonnell v Buffalo Loan, Trust & Safe Deposit Co.,* 193 NY 92, 101; *Gillet v Roberts,* 57 NY 28, 34; *Menzel v List,* 22 AD2d 647; *Duryea v Andrews,* 12 NYS 42; *see also, Kunstsammlungen Zu Weimar v Elicofon,* 678 F2d 1150, 1161-1164). Until the refusal, the innocent purchaser is deemed to be in lawful possession *(MacDonnell v Buffalo Loan, Trust & Safe Deposit Co., supra; Gillet v Roberts, supra; Kunstsammlungen Zu Weimar v Elicofon, supra).* Plaintiff's possession, therefore, was never adverse to that of defendant Utica National. Because the owner could not make a demand until the stolen property was located on April 27, 1988, the Statute of Limitations governing the owner's cause of action to recover the property (CPLR 214 [3]) did not begin to run, at the earliest, until that date. Accordingly, we reinstate the judgment of Rochester City Court, granting summary judgment in favor of Utica National. (Appeal from order of Monroe County Court, Celli, J.—declaratory judgment.) Present—Doerr, J. P., Boomer, Balio, Lawton and Davis, JJ.