**The REPUBLIC OF TURKEY, Plaintiff,**

v.

**The METROPOLITAN MUSEUM OF ART, Defendant.**

**No. 87 Civ. 3750 (VLB).**

United States District Court, S.D. New York.

July 16, 1990.

---

Lawrence M. Kaye, Herrick & Feinstein, New York City, for plaintiff.

John J. Loflin, Lord Day & Lord, and Barrett Smith, New York City, for defendant.

### ORDER

VINCENT L. BRODERICK, District Judge.

In this action the Republic of Turkey seeks to recover artifacts in the possession of the Metropolitan Museum of Art. Plaintiff asserts that the artifacts were excavated from burial mounds in the Ushak region of Turkey in 1966 and exported to the United States in contravention of Turkish law. The Republic further claims that under Turkish law it owns all artifacts found in Turkey. Defendant has moved for summary judgment. Oral argument has been held.

As amended the complaint asserts two claims. The first claim is premised on the assumption that the Museum is a *bona fide* purchaser and sounds in conversion. The second claim asserts that the Museum acted in bad faith when it purchased the objects and that it concealed the illicit origin of the objects through misrepresentations and other acts of concealment.

■ As to plaintiff's first claim, in New York an action to recover chattel must be brought within three years of the time the action accrues. CPLR § 214(3). An action does not accrue, in the case of a good faith purchaser of personal property until the person claiming to be the owner demands the return of the property and the demand is refused. *Gillet v. Roberts*, 57 N.Y. 28 (1874). Thus the statutory limitations period will not begin to run until after the owner has made a demand and the possessor has refused to return the property. *DeWeerth v. Baldinger*, 836 F.2d 103, 106 (2d Cir.1987) (citing *Menzel v. List*, 22 A.D.2d 647, 253 N.Y.S.2d 43, 44 (1st Dept. 1964), *on remand*, 49 Misc.2d 300, 267 N.Y. S.2d 804 (N.Y.Co.Sup.Ct.1966), *modified on other grounds*, 28 A.D.2d 516, 279 N.Y. S.2d 608 (1st Dept.1967), *modification rev'd*, 24 N.Y.2d 91, 298 N.Y.S.2d 979, 246 N.E.2d 742 (1969)).

Relying on *DeWeerth v. Baldinger, supra*, defendant argues that an owner of stolen property may not unreasonably delay making the requisite demand. In *DeWeerth*, the Second Circuit, interpreting New York law, creatively held that the owner has "a duty of reasonable diligence in attempting to locate stolen property, in addition to the ... duty to make a demand for return within a reasonable time after the current possessor is identified." *Id.* at 108 (footnote omitted).

Since the instant motion was submitted, the New York Appellate Division, First Department has decided *Solomon R. Guggenheim Foundation v. Lubell*, 153 A.D.2d 143, 550 N.Y.S.2d 618 (1st Dep't 1990).[1] In *Guggenheim*, plaintiff Museum sued for return of a Chagall painting which was

---

1. The parties have submitted several letter briefs discussing the effect on the case before me of the Appellate Division's decision in the *Guggenheim* case.

purchased by defendant from a reputable art dealer in 1967. Defendant argued that New York's three year statute of limitations barred the Museum's action which was commenced in 1986.

On defendant's motion the lower court dismissed plaintiff's action as time-barred. The court found *DeWeerth* to be controlling and observed that "[t]he Guggenheim's efforts [to locate the stolen property] were minimal, much less than that of the plaintiff in the *DeWeerth* case, [and] inadequate in view of the value of the painting." N.Y.L.J., Feb. 15, 1989, p. 22, col. 3. Thus the court dismissed the action as time-barred, holding that plaintiff failed diligently to attempt to locate the painting and that the action accrued in 1973.[2]

On January 25, 1990 the Appellate Division reversed. 153 A.D.2d 143, 550 N.Y. S.2d 618 (1st Dep't 1990). After reviewing the facts the court discussed the inadequacy of the Second Circuit's solution to the "anomaly" presented in *DeWeerth:*

> [T]o eliminate the anomaly by placing the thief in the same disfavored position as the good faith purchaser is not to eliminate the potential for stale, hard-to-defend claims created by a rule which makes accrual depend on an act to be performed by the plaintiff constrained only by his fortuitous acquisition of the knowledge necessary to perform the act.

*Id.* 550 N.Y.S.2d at 621. In the alternative, the court proposed:

> When this potentiality for staleness becomes an actuality because of the plaintiff's inexcusable delay in performing the requisite act, or in acquainting himself with the facts that would enable him to perform such act, an appeal can be made to the conscience of the court to dismiss the action as untimely notwithstanding

that it was commenced within the statutory period ....

*Id.* The court then concluded that *DeWeerth*'s "unreasonable delay" requirement applied only to the equitable defense of laches.[3] In support, the court observed that the Second Circuit had failed to state when plaintiff had sufficient knowledge to make a demand and therefore when the limitations period began to run. "Instead, the dismissal in *DeWeerth* appears to have been based not on the lapse of any particular period of time, but on an estoppel." *Id.* By characterizing this defense as laches, the court explicitly found that a showing of prejudice as well as delay was required.[4]

In this case, defendant argues that the Appellate Division's decision in *Guggenheim* is distinguishable, urging that the decision disagrees with *DeWeerth* only to the extent that the Second Circuit extended the "unreasonable delay" rule to a case where "a plaintiff has no knowledge of the whereabouts of his stolen property, but would have discovered its whereabouts had he exercised reasonable diligence." Defendant's Letter, Feb. 9, 1990, at 1–2. Defendant argues that in this case, no later than 1973 plaintiff had notice of sufficient facts to make a demand on the Met. Defendant essentially seeks to create a distinction between the rules applicable to cases where all the knowledge attributed to plaintiff is implied and cases like this one, where the Republic of Turkey allegedly had actual knowledge of the facts needed to make a demand. Defendant further argues that even if *Guggenheim* is controlling it is entitled to summary judgment on the defense of laches, since it has been prejudiced by the absence of witnesses and the loss of documents.

■ I find that *Guggenheim* is applicable here and that defendant's claims of

---

2. The painting was shown as part of a public exhibition in 1973.

3. The court stated:
   We agree that if actual knowledge of the whereabouts of stolen property is relevant to a determination of the timeliness of a replevin action, then, as a matter of logic, if not policy, imputed knowledge should be relevant too.

> Where we disagree is that these considerations have anything to do with the statute of limitations.
> *Id.*

4. "[W]e think it plain that the relative possessory rights of the parties cannot depend upon the mere lapse of time, no matter how long." *Id.* 550 N.Y.S.2d at 622.

delay go solely to whether the defense of laches is available and not to a defense based on the statute of limitations. Since I further find that there are genuine issues of material fact as to whether defendant was prejudiced by the alleged delay, defendant's motion is denied without prejudice.

I also deny defendant's motion as to plaintiff's second claim which assumes that defendant was not a *bona fide* purchaser, since genuine issues of material fact exist as to whether defendant purchased the artifacts in good faith.

The next conference in this case is scheduled for Wednesday, August 8, 1990 at 4:30PM.

SO ORDERED.