■ NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Respondent, v ENCON UNDERWRITING AGENCY, INC., Defendant, and SIMCOE & ERIE GENERAL INSURANCE COMPANY et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The parties to an insurance contract may agree that a cause of action against the insurer will accrue upon the occurrence of a specified event *(see, Medical Facilities v Pryke,* 62 NY2d 716, 717). In the absence of a policy provision regarding accrual or of a specific statute governing accrual, the six-year Statute of Limitations in an action for breach of an insurance contract commences to run when the contract is breached *(see, Medical Facilities v Pryke, supra,* at 717; *Bassett Hosp. v Hospital Plan,* 89 AD2d 240, 245). The breach in the instant case occurred on March 27, 1984, when the insurer denied liability under the contract. Plaintiff timely commenced this action by delivery of the summons and complaint to the Erie County Sheriff on March 15, 1990, and Supreme Court properly granted plaintiff's motion to strike the Statute of Limitations defenses asserted by defendants Simcoe & Erie General Insurance and Gibbs. We note that the contractual limitation providing for the adjustment of claims within 60 days of presentation and acceptance of proof of loss never took effect. The insurers did not demand the submission of a proof of loss, and no such proof was presented.

The court erred, however, in denying the summary judgment motion of Simcoe. Simcoe's liability as an insurer terminated on January 1, 1983. Plaintiff's complaint alleges that plaintiff became aware of a watertightness problem in the C-31 tunnel in June of 1983. In a response to interrogatories, plaintiff stated that the tunnels were unfit from March 20, 1983 through February 5, 1985. Plaintiff failed to submit evidentiary materials sufficient to raise a triable issue of fact whether the insured event—property damage caused by an error in design—occurred before January 1, 1983 and thus, whether the insured event occurred within the period of Simcoe's coverage. Therefore, we modify the order to grant Simcoe's motion for summary judgment upon the ground that it was not an insurer at the time of occurrence of the insured event. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Pine, Balio, Fallon and Doerr, JJ.