## CONTINENTAL CASUALTY COMPANY, Plaintiff,

### v.

**STRONGHOLD INSURANCE COMPANY, LTD., Andrew Weir Insurance Co., Ltd., Excess Insurance Co., Ltd., World Auxiliary Insurance Corp., Ltd., River Thames Insurance Co., Ltd., English and American Insurance Co., Ltd., Minster Insurance Co., Ltd., British National Insurance Co., Ltd., Orion Insurance Co. PLC, Alba General Insurance Co., Ltd., Nationwide General Insurance Co., National Casualty Co., Anglo French Insurance Co., Ltd., Swiss Union General Insurance Company, Ltd., Liberty Mutual Insurance Company, and Underwriting Syndicates at Lloyd's subscribing to policies K66974, K76590, K76591, K76592, K78682, K78683, K78684, K10942, K10943, K14441, and K14439, Defendants.**

No. 91 Civ. 7732(LBS).

United States District Court, S.D. New York.

Oct. 26, 1994.

---

Mound, Cotton & Wollan, New York City (Michael H. Goldstein, David I. Schonbrun, of counsel), for plaintiff.

Grais & Phillips, New York City (David J. Grais, Michael C. Zeller, of counsel), for defendants.

SAND, District Judge.

This breach of contract diversity action arises out of a number of reinsurance policies issued by defendant reinsurers to plaintiff Continental Casualty Company ("Continental"). The parties have settled four of the seven claims that were in dispute in this lawsuit. Defendants now move for summary judgment as to plaintiff's remaining three claims on the ground that they are time barred. For the reasons set forth below, we deny defendants' motion.

## BACKGROUND

The factual account that follows is derived entirely from the parties' Stipulation of Undisputed Facts Pursuant to Local Civil Rule 3(g) ("Stip.").

This action arises out of a number of reinsurance policies issued by defendants to plaintiff Continental in respect to insurance policies issued by Continental to members of The New York Hospital Association (the "Association") participating in the Safety Group Dividend Plan. Stip. at 1–2. This suit was commenced on November 14, 1991, when Continental filed its Complaint.

*The Osczapinski Claim*

In April 1985, Continental paid $30,500, pursuant to an insurance policy, to settle the claim of Suzanne Osczapinski against the Nassau Hospital Association. Continental thereafter made demand upon the defendants that had reinsured this insurance policy for payment of their shares of the Osczapinski settlement. In August 1990, defendants refused to pay their shares of the Osczapinski settlement, denying any liability pursuant to the reinsurance policy. *Id.* at 3.

*The Del Molvetto Claim*

In September 1984, pursuant to another insurance policy, Continental paid $250,000 to settle the claim of Rachel Del Molvetto against Long Island College Hospital. Continental thereafter made demand upon the defendants that had reinsured this insurance policy for payment of their shares of the Del Molvetto settlement. In October 1989, these defendants refused to pay their shares of the Del Molvetto settlement, denying any liability. *Id.* at 4.

*The Clark Claim*

In January 1983, pursuant to another insurance policy, Continental paid $203,319.20 to settle the claim of Mark Clark against South Nassau Community Hospital. Continental thereafter made demand upon the defendants that had reinsured this insurance policy for payment of their shares of the Clark settlement. In two letters dated February 26, 1987 and October 10, 1989, these defendants refused to pay their share of the Clark settlement, denying any liability. *Id.* at 5.

It is undisputed that Continental has performed all conditions of the relevant reinsurance policies, including payment of premiums. *Id.* at 3, 4, 5. The parties also agree that New York law governs the reinsurance

policies that are the subject of this dispute. *Id.* at 5.

## DISCUSSION

### A. *CPLR 213(2)*

■ Defendants argue that plaintiff's breach of contract claims should be dismissed pursuant to section 213(2) ("CPLR 213(2)") of New York's Civil Practice Law and Rules. N.Y.Civ.Prac.L. & R. 213(2) (McKinney 1990). Plaintiff's claims relate to settlements that were paid more than six years prior to the date that plaintiff's action was filed. Therefore, defendants maintain, plaintiff's breach of contract claims are time barred under CPLR 213(2). We disagree.

CPLR 213(2) states that the statute of limitations on an action on a contractual obligation in New York is six years. N.Y.Civ. Prac.L. & R. 213(2). In breach of contract actions, this six-year period generally begins to run upon the defendant's breach. *See Marathon Enterprises, Inc. v. Feinberg*, 595 F.Supp. 368, 372 (S.D.N.Y.1984); *John J. Kassner & Co. v. City of New York*, 46 N.Y.2d 544, 415 N.Y.S.2d 785, 788–89, 389 N.E.2d 99, 102 (1979).

New York law treats insurance contracts similarly to other contracts, in that a plaintiff's claim accrues "in the absence of any provision regarding accrual in the contract of insurance ... upon breach." *Medical Facilities, Inc. v. Pryke*, 62 N.Y.2d 716, 717, 476 N.Y.S.2d 532, 465 N.E.2d 39 (1984). *See Niagara Frontier Transp. Auth. v. Encon Underwriting Agency, Inc.*, 185 A.D.2d 642, 586 N.Y.S.2d 53, 54 (1992) ("the six-year Statute of Limitations in an action for breach of an insurance contract commences to run when the contract is breached."); *see also*

*Campo v. New York City Employees' Retirement Sys.*, 843 F.2d 96, 103 n. 7 (2nd Cir.) (citing *Pryke* ), *cert. denied*, 488 U.S. 889, 109 S.Ct. 220, 102 L.Ed.2d 211 (1988). In the context of insurance contracts, "breach" does not occur until an insured party makes demand upon the insurer and the insurer refuses to pay. It is only when an insurer declines to pay a covered loss for which the insured has requested payment that the insurer has breached the insurance agreement by failing to perform its contractual obligations. *See Niagara Frontier*, 185 A.D.2d 642, 586 N.Y.S.2d at 54 ("The breach in the instant case occurred on March 27, 1984, when the insurer denied liability under the contract.").[1]

"Reinsurance is simply an insurance policy issued to an insurer." *Employers Ins. v. American Centennial Ins. Co.*, No. 86 Civ. 8576, 1989 WL 6631, at *1 (S.D.N.Y. Jan. 24, 1989). *See also Christiana Gen. Ins. Corp. v. Great Am. Ins. Co.*, 745 F.Supp. 150, 152 (S.D.N.Y.1990) (citing *American Centennial* ). It is another form of insurance, whereby an insurance company cedes to others part or all of certain insurance risks it has assumed. *See Colonial Am. Life Ins. Co. v. Commissioner*, 491 U.S. 244, 246–47, 109 S.Ct. 2408, 2411, 105 L.Ed.2d 199 (1989); *Christiana*, 745 F.Supp. at 152. Therefore, in determining when a cause of action for breach of a reinsurance contract accrues, it makes sense to treat reinsurance agreements like ordinary insurance contracts. We hold that, in the absence of any contractual provision to the contrary, the six-year limitations period set forth in CPLR 213(2) applies to reinsurance contracts and that this period begins to run at the moment the reinsurer

---

1. Defendants dispute this point, citing several cases for the proposition that the statute of limitations begins to run on insurance contracts at the time of the accident causing damage to the insured. *See* Defendants' Reply Memorandum Dated Mar. 2, 1994 at 5–8. However, those cases can be distinguished from this one in that they involved special contexts such as life insurance and demands for arbitration of uninsured motorist claims. *See State Farm Mut. Auto. Ins. Co. v. Avena*, 133 A.D.2d 159, 518 N.Y.S.2d 678, 680 (1987) (uninsured motorist); *Stewart v. Penn Mut. Life Ins. Co.*, 266 A.D. 617, 44 N.Y.S.2d 742, 743 (1943) (life insurance), *aff'd*, 293 N.Y. 674, 56 N.E.2d 263 (1944); *Shaw v. Union Mut. Life Ins. Co.*, 91 Misc.2d 64, 396 N.Y.S.2d 996, 998 (N.Y.Sup.Ct.1977) (life insurance). Another case cited by defendant, *Roldan v. Allstate Insur. Co.*, 149 A.D.2d 20, 544 N.Y.S.2d 359, 363 (1989) (person injured in automobile accident brought action against driver's insurer to recover on policy), involved facts more similar to those of a common-law indemnification case than to those of an insurance contract case. *See infra* p. 146.

declines to pay the insurer's claim under the reinsurance contract.[2]

Defendants would have us characterize a reinsurance agreement not as another form of insurance contract, but as a "contract of indemnity." They argue that the statute of limitations on a such contracts begins to run "when the would-be indemnitee makes the payment for which it seeks indemnity." Defendants' Memorandum Dated Dec. 20, 1993 at 2. However, the cases that defendants incorrectly cite for this proposition did not actually involve indemnity *contracts,* but rather common law implied indemnification claims, in which the issue was whether the defendant was ultimately liable for injuries to a non-party that were attributed initially to the plaintiff. *See, e.g., McDermott v. City of New York,* 50 N.Y.2d 211, 428 N.Y.S.2d 643, 645–46, 406 N.E.2d 460, 462 (1980) (after settling personal injury suit filed against it, city brought implied indemnification claim against manufacturer of allegedly defective product). By contrast, insurance contracts and other "contracts of indemnity" are treated no differently than other contracts for statute of limitations purposes. *See Pryke,* 62 N.Y.2d at 717, 476 N.Y.S.2d 532, 465 N.E.2d 39. Therefore, even if we accept defendants' characterization of the agreements here as contracts of indemnification, such a characterization does not affect the outcome of this motion.

Here, Continental sought to be reimbursed for its payments of three claims pursuant to its insurance policies. Defendants denied the *Osczapinski* claim in August 1990, the *Clark* claim in February 1987, and the *Del Molvetto* claim in October 1989. Because Continental commenced its breach of contract action arising out of these claims on November 14, 1991, within six years of defendants' denial of Continental's claims, its action was timely. We therefore deny defendants' motion.

### B. *CPLR 206(a)*

■ Alternatively, defendants argue that if "breach" of a reinsurance contract does not occur until a reinsured party has made an unsatisfied demand upon the reinsurer, then section 206(a) ("CPLR 206(a)") of New York's Civil Practice Law and Rules applies and bars plaintiff's claims. *See* N.Y.Civ. Prac.L. & R. 206(a) (McKinney 1990). We reject this argument as well.

CPLR 206(a) states that "where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete...." N.Y.Civ.Prac.L. & R. 206(a). If this section were to apply to the facts of this case, then Continental's claims would be time barred because more than six years elapsed between the dates that Continental settled its three insurance claims— and thus had a right to make demand upon its reinsurers—and the date that Continental filed its breach of contract action against defendants. *See, e.g., State v. City of Binghamton,* 72 A.D.2d 870, 421 N.Y.S.2d 950, 952 (1979) ("The statute of limitations begins to run when the right to make the demand for payment is complete, and the plaintiff will not be permitted to prolong the statute of limitations simply by refusing to make demand.").

However, CPLR 206(a) does not apply here. New York courts and other courts applying New York law have held that this section applies only where a demand requirement is a procedural as opposed to a substantive element of the cause of action.

Where the demand requirement is substantive, that is, where a demand and refusal are requisite elements of the cause of action, it accrues and the statute of limitation begins to run only after such demand and refusal. On the other hand, where the demand is merely procedural, that is, where demand and refusal are not requisite elements of the cause of action and the

---

**2.** Defendants argue that the rule we announce today is problematic in that it allows "a reinsured to wait longer than six years, or for that matter longer than sixty years, before presenting its claim...." Defendants' Reply Memorandum Dated Mar. 2, 1994 at 1. However, parties to a reinsurance contract are free to require that any claims for reinsurance be made within a specified time after payment has been made. *See Pryke,* 476 N.Y.S.2d at 534, 465 N.E.2d at 41. Moreover, reinsured parties generally will find it in their best interests to submit bills to their reinsurers as promptly as possible.

defendant's actionable conduct was complete prior to demand, s 206(a) of the N.Y.C.P.L.R. governs and the limitation period begins to run when the "right to make the demand is complete."

*Kunstsammlungen Zu Weimar v. Elicofon,* 678 F.2d 1150, 1161 (2nd Cir.1982). *See DeWeerth v. Baldinger,* 836 F.2d 103, 107 n. 3 (2nd Cir.1987), *cert. denied,* 486 U.S. 1056, 108 S.Ct. 2823, 100 L.Ed.2d 924 (1988); *Hoelzer v. City of Stamford,* 722 F.Supp. 1106, 1113 n. 34 (S.D.N.Y.1989), *aff'd,* 933 F.2d 1131 (2nd Cir.1991); *Solomon R. Guggenheim Found. v. Lubell,* 153 A.D.2d 143, 550 N.Y.S.2d 618, 620 (1990), *aff'd,* 77 N.Y.2d 311, 567 N.Y.S.2d 623, 569 N.E.2d 426 (1991); *Frigi–Griffin, Inc. v. Leeds,* 52 A.D.2d 805, 383 N.Y.S.2d 339, 341 (1990). *See generally* 1 Jack B. Weinstein, Harold L. Korn & Arthur R. Miller, *New York Civil Practice* ¶ 206.01, at 2–336–41 (1994).

In practice, therefore, CPLR 206(a)'s application "has been limited." Weinstein, Korn & Miller, *supra,* ¶ 206.01 at 2–336. The courts have applied this section in cases "where the defendant was under a duty to the plaintiff without demand, and the plaintiff's demand was merely a condition precedent to the institution of suit...." *Id.* at 2–337–38. *See, e.g., City of Binghamton,* 72 A.D.2d 870, 421 N.Y.S.2d at 952 (under Highway Law § 349–c, Commissioner of Transportation was to notify city of completion of project whereupon city would have sixty days to pay to the state the balance due); *Yeshiva Univ. Dev. Found., Inc. v. Consultants & Designers, Inc.,* 60 A.D.2d 525, 399 N.Y.S.2d 886, 887 (1977) (lease required landlord to make formal demand for additional rent due under tax increase clause). However, in cases like this one, where demand and refusal are essential elements of the cause of action because there would otherwise be no breach of contract, reliance on CPLR 206(a) is misplaced. *See, e.g., Kunstsammlungen,* 678 F.2d at 1161–62 (in action to recover stolen paintings, owner's demand on bona fide purchaser for return of paintings is substantive aspect of cause of action, and CPLR 206(a) does not apply).

## CONCLUSION

For the reasons set forth above, we find that plaintiff's breach of contract claims are not barred by the statute of limitations. We therefore deny defendants' motion for summary judgment. We do not address any other time-related defenses, e.g. laches, which might be available to the defendant.

SO ORDERED.