Parness, J. P.
(dissenting). I would affirm Civil Court’s orders which, inter alla, struck the affirmative defense of the Statute of Limitations. Where a demand and refusal is a *776 substantive and not merely procedural element of a cause of action, the Statute of Limitations does not begin to run until after the demand and failure to perform (1 Weinstein-KornMiller, NY Civ Prac ¡[ 206.01; see, Menzel v List, 22 AD2d 647; Frigi-Griffin, Inc. v Leeds, 52 AD2d 805, 806; compare, CPLR 206). In a summary proceeding brought to recover possession upon the ground that the tenant has violated a substantial obligation of a stabilized tenancy, the landlord is required to prove, as part of its prima facie case, that a notice to cure the violation was served and that tenant failed to cure within 10 days (Rent Stabilization Code [9 NYCRR] § 2524.3 [a]). It is not merely a breach of the lease which must be proven, but a breach of the lease which continued after landlord’s demand that it stop. Indeed, a termination notice (Rent Stabilization Code [9 NYCRR] § 2524.2) may not even be served until after expiration of the cure period. Under such circumstances, a possessory cause of action does not accrue and the statute commence to run until service of a notice to cure, and the holdover proceeding was therefore timely.
Adoption of the rule espoused by my colleagues will effectively encourage tenants to make substantial prohibited alterations without consent in premises over which they exercise exclusive dominion and control, in the hope that the passage of time will validate their surreptitious conduct. Landlord’s managing agent affirms that the alterations complained of were not discovered until an inspection of the premises in September 1992, a date when any remedy was time barred under the majority’s construction. Such a result is neither required by law nor desirable as a matter of policy. This is not a traditional contract action for damages. While there exists an underlying lease, the provisions of the Rent Stabilization Law and Code are impressed upon its terms and govern the rights and obligations of the parties. Tenants, who enjoy eviction protection under a statutory tenancy, should not be free to avoid those portions of the regulatory scheme which confer upon owners the right to make improvements within individual apartments and to obtain rent increases therefor (see generally, Rent Stabilization Code [9 NYCRR] § 2522.4). These considerations further militate in favor of applying a rule of discovery to the conduct complained of.
*777 Tenants’ interests will be adequately protected by their defenses of waiver, loches and estoppel, which have been preserved in the orders appealed from and which, if established at a trial, would defeat the proceeding.
Miller and McCooe, JJ., concur; Parness, J. P., dissents in a separate memorandum.