Tsai v Mega Life & Health Ins. Co. (2023 NY Slip Op 02197)

Tsai v Mega Life & Health Ins. Co.

2023 NY Slip Op 02197

Decided on April 27, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 27, 2023

Before: Renwick, A.P.J., González, Kennedy, Higgitt, JJ. 

Index No. 101147/20 Appeal No. 109-110 Case No. 2022-01534 2022-01598 

[*1]Martin Tsai, Plaintiff-Appellant,
v
The Mega Life and Health Insurance Company, Defendant, United Health Care Services, Inc., Defendant-Respondent. 

Martin Tsai, appellant pro se.
Robinson & Cole LLP, New York (Matthew P. Mazzola of counsel), for respondent.

Orders, Supreme Court, New York County (Verna L. Saunders, J.), entered February 17, 2022, which granted defendant United Healthcare Services, Inc.'s (United) motion to dismiss the complaint, and denied plaintiff's motion for a default judgment against defendant The Mega Life and Health Insurance Company (Mega), unanimously affirmed, without costs.
Plaintiff's claim arising from denial of health insurance benefits under his policy with defendant Mega is barred by the six-year statute of limitations (CPLR 213[2]; Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]). Plaintiff, whose claim arose from a 1998 accident, conceded that a claim was submitted on his behalf by the hospital where he was treated and that he was told by the hospital that no benefits from Mega would be forthcoming. Thus, his cause of action accrued sometime in 1998 or 1999 and not in 2019, when he discovered a 1999 request for information that Mega sent to him to complete processing of his claim (see Deutsche Bank Natl. Trust Co. v Flagstar Capital Mkts., 32 NY3d 139, 145 [2018]; Medical Facilities v Pryke, 62 NY2d 716, 717 [1984]). Additionally, because Mega long ago merged with United, the court correctly denied plaintiff's motion for a default judgment, referencing its earlier order dismissing the complaint as time-barred. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 27, 2023